(43 App. Div. 236.)

In re BOARD OF HEALTH OF VILLAGE OF LANSINGBURG.

(Supreme Court, Appellate Division, Third Department.　September 19, 1899.)

1. MUNICIPAL CORPORATIONS—RIGHT TO OFFICE—HOW DETERMINED.
　　Title to a municipal office will not be determined in proceeding to compel the delivery of books and papers by persons holding such offices to others claiming them as officers de jure.

2. HEALTH—VILLAGE BOARD—OATH OF OFFICE—FILING.
　　Laws 1892, c. 681, § 2, divides public officers into state and local officers, and defines the latter as every other officer who is elected by the electors of a portion only of the state, every officer of the political subdivisions of municipal corporations of the state, and every officer limited in the execution of his functions to a portion of the state only.　Section 10 requires the oath of office of every state officer to be filed in the office of the secretary of state, and the oath of every officer of a municipal corporation with the clerk thereof, and the oath of every other officer in the office of the clerk of the county in which he resides.　Laws 1897, c. 414, § 43, provides that there shall be a board of health, the members of which shall be appointed by the village board of trustees; and section 62 requires the village clerk, within three days after the election or appointment of a village officer, to notify each person of his election, and that he is required to file his oath of office with such clerk before entering on his duties, and that on his failure to do so he will be deemed to have declined the office.　*Held*, that since, under Laws 1892, c. 687, § 3, a village is a municipal corporation, the oaths of office of the members of the village board of health are required to be filed with the clerk of the village, and not with the clerk of the county in which such village is situated.

3. SAME—VACANCIES—APPOINTMENT BY COUNTY JUDGE.
　　Laws 1897, c. 414, § 43, requires that there shall be a board of health in each village, the members of which shall be appointed by the board of trustees of such village.　Laws 1892, c. 681, § 10, requires the oath of every officer of municipal corporations to be filed with the clerk thereof.　Laws 1897, c. 414, § 62, declares that the failure of any such officer to file his oath as required shall be deemed a declination of the office; and Laws 1893, c. 661, § 20, provides that, if the proper authorities fail to fill any vacancy occurring in the local board of health, the county judge shall appoint a person to fill the vacancy for the unexpired term.　*Held* that, where persons appointed by the village board of trustees properly filed their oaths of office with the village clerk, there was no vacancy in such board, and hence persons subsequently appointed by the county judge were not entitled to the office.

4. SAME—ORGANIZATION OF VILLAGE UNDER SPECIAL ACT.
　　Laws 1897, c. 414, § 43, defining and enumerating village officers, and providing for their choice, term of office, etc., applies with equal force to all villages, whether created by general or special laws, and hence members of village boards of health are subjected to the same duties and liabilities, whether the village for which they are appointed is incorporated under a general or special act.

5. SAME—VILLAGE CLERK—DUTIES.
　　Laws 1897, c. 414, § 62, requires the clerk of a village to notify each person elected or appointed to an office of his election, and that he is required to file his oath of office with such clerk before entering on his duties, etc.　Section 340 provides that a village incorporated by a special law, and each officer thereof, possesses all powers and is subject to all the liabilities conferred or imposed on a village incorporated thereunder, or on any office thereof, not inconsistent with the special law.　*Held*, that there was nothing in the special act incorporating the village of Lansingburg inconsistent with the duties imposed on village clerks of such village to notify appointees to the board of health of their appointment, and require them to file their oaths of office with him.

Appeal from special term.

Application by the board of health of the village of Lansingburg against Morris E. Kirkpatrick and another to recover books and papers belonging to such board in the possession of defendants. From an order compelling such delivery, defendants appeal. Reversed.

In March, 1896, pursuant to the public health laws of the state, a board of health was organized in and for the village of Lansingburg. Such board was composed of seven members, elected by the trustees of such village. They were divided into three classes, whose terms would expire, respectively, in one, two, and three years from the annual election held prior to the appointment. The persons so appointed appear to have filed their oaths of office in the village clerk's office. In the months of April and of May, 1899, the county judge appointed four persons to such board of health to fill vacancies therein. Such vacancies were assumed to exist by reason of the persons selected by the board of trustees having filed their oaths of office in the village clerk's office, it being contended that the proper place for filing such oaths of office is the county clerk's office. One of the four persons so appointed by the county judge had previously been a member of such board of health. Six of the members of the board of health selected by the village trustees, who had filed their oaths of office in the village clerk's office, elected a president and secretary of the board. The four persons appointed by the county judge, acting together as a board of health, also elected a president and secretary. For convenience in reference, we will designate these boards as the old and new boards. The new board demanded the books and papers of the secretary of the old board, in whose possession they were, and, failing to receive them, procured an order from the county judge compelling their delivery. From the order so made, this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Lewis E. Griffith (Olin A. Martin, of counsel), for appellants.

Warren & Faulkner (Charles T. Faulkner, of counsel), for respondent.

HERRICK, J. It has been repeatedly held that proceedings to compel the delivery of books and papers of public officers will not be used to determine title to office. It has also been held that where a person produced a certificate of election from the proper election officers, and had taken the constitutional oath of office, and given the necessary bond, where one was required, that he was entitled to the books and papers pertaining to such office. In making the order for the delivery of the books and papers in this case the county judge has come perilously near to, if he has not quite decided, the title of the contending parties to the office they claim. The petitioning persons show title to office under appointments made by the county judge of the county. Section 20, c. 661, Laws 1893, known as the "Public Health Law," provides that, "if the proper authorities shall not fill any vacancies occurring in the local board upon the happening of such vacancies, the county judge of the county shall appoint a competent person to fill the vacancy for the unexpired term, which appointment shall be immediately filed in the office of the county clerk." The contesting parties claim to hold office by virtue of appointments made by the board of trustees of the village, pursuant to the same section and law, and the taking and filing their constitutional oaths of office with the village clerk. It will thus be seen that the title to office of the

contending parties is pretty squarely up.    We might possibly dispose of this case upon that phase of the question alone, but it is evident that that will leave the real controversy open and undecided. It is contended that the vacancies that the petitioners were appointed to fill by the order of the county judge were caused by the members selected by the board of village trustees filing their oaths of office in the village clerk's office.  If that was the proper place to file them, then no vacancies existed, and the county judge was unauthorized to make any appointments.    Section 2, c. 681, Laws 1892, known as the "Public Officers' Law," divides public officers into two classes,—state officers and local officers,—and, having defined who state officers are, it defines the term "local officers" as including "every other officer who is elected by the electors of a portion only of the state, every officer of the political subdivisions of municipal corporations of the state, and every officer limited in the execution of his official functions to a portion only of the state."  "The office of a state officer is a state office.    The office of a local officer is a local office."    Section 10 provides that "the oath of office of every state · officer shall be filed in the office of the secretary of state; and of every officer of municipal corporations with the clerk thereof; and of every other officer, in the office of the clerk of the county in which he shall reside, if no other place be otherwise provided by law for the filing thereof.    Their oath of office shall be filed within fifteen days after the officer shall have been chosen."    A village is a municipal corporation.    Section 3, c. 687, Laws 1892.    Under the definition of who are state officers, the members of village boards of health are not included, and it is therefore a local office.    The question is as to whether it is a municipal office,—whether a member of such a board is an officer of a municipal corporation.    He is not a state officer; he is not a county officer.    While a board of health enforces state laws, it does so only within the political subdivision of the state for which it is appointed.    But without pursuing this line of discussion, or referring to cases relative thereto, I think the statutes of the state settle the question as to the kind of an officer a member of a village board of health is.    Section 43, c. 414, Laws 1897, known as the "Village Law," gives a list of village officers.    The first line of the section reads, "List of village officers; mode of choosing; official year; terms of office."    It then enumerates the various offices and officers each village shall possess.    A portion of the section reads as follows:

"There shall be a board of health in each village, consisting of not less than three nor more than seven persons, appointed by the board of trustees of such village, in the manner provided by article two of the public health law."

Section 62 of the same chapter provides as follows:

"The clerk of the village shall, within three days after the election or appointment of a village officer, except the first election or appointment after the incorporation of the village, notify each person elected or appointed of his election or appointment and of the date thereof, and that he is required to file his oath of office with such clerk, before entering upon the duties thereof, and, if an official undertaking be required of him, by or in pursuance of law, that he is also required to file the same with such clerk, and that upon his failure so to do, he will be deemed to have declined the office."

It will thus be seen that the statutes of the state expressly define the office of members of boards of health, and expressly provide that their oaths of office be filed with the village clerk.   That being so, it follows that no vacancies existed in the old board by reason of the appointees to such board not having filed their oaths in the proper place, and, consequently, the county judge had no authority to appoint persons to fill such assumed vacancies.   The fact that the village of Lansingburg is incorporated under a special law makes no difference. The definition of village officers contained in the general village law must be taken as the definition of all like village officers, whether the villages are incorporated under general or special laws.   Boards of health are appointed under the same law, perform the same duties, and are subjected to the same liabilities and responsibilities, whether the village for which they are appointed is incorporated under a general act or a special one.   In addition, section 340 of the general village law provides as follows:

"A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and responsibilities conferred or imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law."

There is nothing in the special law under which the village of Lansingburg was incorporated that is inconsistent with the duties imposed upon the village clerk by the general law to notify officers of their election or appointment, and requiring them to file their oaths of office in the village clerk's office.   The word "responsibilities," in section 340, includes, I think, duties.   It was, therefore, a duty of the village clerk of Lansingburg to notify the appointees to the board of health of their appointment, and require them to file their oaths of office with him, and it was their duty to so file them.   ·

The order appealed from should therefore be reversed, and the application denied, with $10 costs and disbursements.   All concur.