(31 Misc. Rep. 131.)

### PEOPLE ex rel. GRAY et al. v. SCOTT et al.

(Supreme Court, Special Term, Saratoga County. April, 1900.)

**1.** HEALTH—BOARDS OF HEALTH—APPOINTMENT.

Laws 1893, c. 661 ("Public Health Law"), requires all villages to provide a local board of health. Village Law 1897, § 43, provides that boards of health shall be appointed by the board of trustees in the manner provided by the public health law, and that they shall continue to have all powers provided by such law. Section 328 provides that the terms of all officers, except police justices and assessors, shall expire on the Monday following the third Tuesday in March, 1898. *Held*, that as members of a village board of health organized in compliance with Laws 1893, c. 661, were village officers, their term of office was curtailed by Village Law, § 328, and their successors were properly appointed by the board of trustees, it being the intention of the legislature to continue boards of health

as provided in the public health law, and make it mandatory on villages to provide such bodies, but that the manner of their election and appointment was regulated by the village law.

2. SAME—VACANCY.

Under Public Officers' Law, § 20 (Laws 1892, c. 681), defining the various events which create a vacancy, and the public health law, providing that a health officer shall continue in office until his successor is appointed, unless removed, failure to elect a health officer's successor does not create a vacancy, and hence an appointment by a county judge, under Laws 1897, c. 282, on the ground of a vacancy, is invalid.

Action by the people, on relation of Milo J. Gray and others, against Isaac N. Scott and others, to test the title of defendants to be members of the board of health of the village of Glens Falls. Judgment for defendants.

Lyman Jenkins, for relators.
A. Armstrong, for defendants.

HOUGHTON, J. The relator claims to be a member of the board of health of the village of Glens Falls, and brings this action against the defendants to test title to the office. The defendants were appointed by the board of trustees in accordance with chapter 414, Laws 1897, known as the "Village Law," and are the acting board of health of the village. The plaintiff claims title to the office through appointment by the county judge of Warren county under power claimed to have been granted to him by chapter 584 of the Laws of 1895, as amended by chapter 282 of the Laws of 1897. Aside from the question as to whether or not a vacancy existed in the board giving the county judge the power to appoint, the controversy depends upon the construction of the village law and the public health law. By chapter 661 of the Laws of 1893, the legislature provided a general public health law requiring that all cities, villages, and towns of the state should provide themselves with a local board of health. In compliance with this requirement, the village of Glens Falls established a board of health, which was in existence at the time the general village law went into effect, on the 1st of July, 1897. The village law was a compilation of the various statutes relating to villages, and legislated out of office a large number of existing officers, and provided a uniform manner for their future election. By section 43, provision was made that boards of health should be continued, and that they should be appointed by the board of trustees in the manner provided by the public health law, and that boards of health of all villages should continue to have all powers provided by said law. By section 328, the village law provided that the terms of all officers, except police justices and assessors, should expire on the Monday following the third Tuesday in March, 1898.

One of the questions in controversy is whether the then board of health of the village of Glens Falls was such a village board, and whether the members were such village officers that their terms of office were curtailed by this provision. The appellate division of the Third department, in Re Board of Health, 43 App. Div. 236, 60 N. Y. Supp. 27, has recently decided that members of boards of

health are village officers. Although their manner of appointment and their duties are governed by the public health law, yet I think they are a part of the village government. If so, section 328 of the village law abridged their terms of office, and the board of trustees was called upon to elect new members of the board in March, 1898, which it proceeded to do by the election of the defendants or their predecessors.

Criticism is made that the legislature could not have intended to bring members of the board of health under this provision, because at the same session at which the village law was passed, by chapter 282 of the Laws of 1897, it amended section 20 of the public health law, and by the amendment provided for the filling of vacancies by the county judge. Examination of that amendment will show that no material addition was made to the former statute, except as to the time when the board should be appointed. I think the intention of the legislature was to continue boards of health as provided in the public health law, and make it mandatory upon villages to provide such bodies, but that the manner of their election and appointment was to be regulated by the general village law. The scheme of the village law was to provide a uniform law for the government of villages and election and appointment of its officers. Boards of health were continued. But if there was any provision of the village law, with respect to the appointment of members of the board of health, repugnant with the former health law, the provisions of the former health law must yield, because the rule is that where two statutes are manifestly repugnant and tend to nullify each other the older enactment must yield to, and will be considered as repealed by, the later. Lyddy v. Long Island City, 104 N. Y. 218, 10 N. E. 155.

But there is a still further reason why the plaintiff cannot succeed in his contention. The only ground for appointment by the county judge of the plaintiff was that there existed a vacancy in the office of health officer of the village. The provisions of the public officers' law must govern as to what is considered a legal vacancy. Section 20 of that law (chapter 681, Laws 1892) defines the various events which create a vacancy. The failure to elect a successor, as was the fact in the present case, does not create a vacancy. Indeed, the public health law expressly provides that a health officer shall continue in office until his successor is appointed, unless removed therefrom. The provision of the law giving the county judge power to fill a vacancy did not, therefore, give him the right to fill the office because no successor was elected or appointed. The incumbent held the office by virtue of his former appointment, and no "vacancy," as the term is used in the statute, existed in the office. The county judge, therefore, had no power to appoint the relator, and he has no title to the office. The complaint must be dismissed upon the merits, with costs.

Complaint dismissed, with costs.