<hr />

### PEOPLE ex rel. BUSH et al. v. HOUGHTON et al.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

BOARDS OF HEALTH—APPOINTMENT—STATUTES.

Laws 1893, p. 1501, c. 661, § 20, provides that the board of health in a city shall consist of the mayor, and six members to be appointed by the council on nomination of the mayor, and declares that if vacancies are not filled within 30 days the county judge of the county shall fill the same. Public Officers Law (Laws 1892, p. 1657, c. 681) § 5, declares

that every officer, with certain exceptions, not including members of boards of health, shall hold over until a successor shall be chosen and qualified, but after the expiration of the term the office shall be deemed vacant for the purpose of choosing his successor; and Const. art. 10, § 2, declares that all city officers whose election or appointment is not provided for by the Constitution shall be elected by the electors of the city, or appointed by "such authority thereof" as the Legislature shall designate for that purpose. *Held* that, members of the city board of health being municipal and not county officers, on a failure of the common council to confirm nominations made by the mayor, the prior officials held over, except in cases of death; and that the county judge, being a county officer, was precluded from filling such vacancies, though existing for more than 30 days.

Appeal from Special Term, Oswego County.

Action by the people, on relation of George W. Bush and another, against Byron D. Houghton and another. From a judgment in favor of relators, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

John Tiernan, for appellants.

John Cunneen, Atty. Gen. (Elisha B. Powell, of counsel), for respondents.

STOVER, J. Prior to December 3, 1901, the board of health of the city of Oswego consisted of six appointed members and the mayor. On that date an additional member was appointed by the mayor and confirmed by the council. By resignations and death, vacancies were created from time to time, and on November 24, 1903, the then mayor of the city of Oswego nominated to the common council, as members of the board of health, Carl Daus, to succeed himself and to serve until August 1, 1906; Henry R. Rodger, in place of William Galvin, whose term expired, also to serve until August 1, 1906; and George W. Bush, in place of Lucien H. Shepherd, deceased, to serve until August 1, 1905. These names were not confirmed by the common council, and thereupon the mayor notified the county judge that three vacancies existed in the board of health of said city, that more than 30 days had elapsed since the happening of each of such vacancies, that he had duly nominated three persons to fill said vacancies, and that the common council had refused to confirm the same. Upon receipt of such notice the county judge of Oswego county appointed, as members of the board of health, Carl Daus, to succeed himself and to serve until August 1, 1906; Henry R. Rodger, in place of William Galvin, to serve until August 1, 1906; and George W. Bush, to fill the vacancy caused by the death of Lucien H. Shepherd, to serve until August 1, 1905. The appointments so made were filed in the proper offices, and the relators, Bush and Rodger, notified of their appointment. Each took and filed his oath of office, and attended and participated in the meetings of the board. At the time of the appointments by the county judge, Dwyer and Houghton were performing the duties and holding office after the expiration of their respective terms. On the 12th day of January, 1894, James E. Mansfield, having entered upon the duties as mayor of the city of Oswego, nominated as mem-

bers of the board of health, among others, the defendant Houghton in place of Lucien H. Shepherd, deceased, for the unexpired term ending August 1, 1905, and the defendant Dwyer in place of William Galvin, who failed to qualify, and for the unexpired term ending August 1, 1906. The common council confirmed these nominations the same day, and the defendants, Houghton and Dwyer, took and filed their oaths of office as members of said board of health, and have exercised said office down to the time of the trial of this action. This action was brought by the Attorney General, upon the relation of Bush and Rodger, to oust Houghton and Dwyer from their office.

Section 20 of the public health law (Laws 1893, p. 1501, c. 661) provides that the board of health in a city "shall consist of the mayor and at least six members who shall be appointed by the common council upon the nomination of the mayor and shall hold office for three years."

A further provision is made for the filling of vacancies in the board, and the following provision is made:

'If the proper authorities shall not fill any vacancies occurring in any local board within thirty days after the happening of such vacancy, the county judge of the county shall appoint a competent person to fill the vacancy for the unexpired term, which appointment shall be immediately filed in the office of the county clerk, and a duplicate thereof filed with the clerk of the municipality for which such appointment is made."

Section 5 of the public officers law (Laws 1892, p. 1657, c. 681) provides that every officer, with certain exceptions therein named, the exceptions not including the office under discussion, shall hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; "but after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor." And, further, "An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

Section 2 of article 10 of the Constitution provides:

"All county officers whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct. All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose. All other officers, whose election or appointment is not provided for by this Constitution, and all officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the Legislature may direct."

The language of the Constitution is clear, and, under the statute, members of the board of health of the city of Oswego held over until the appointment and qualification of their successors.

The contention of the defendants is that the appointment by the county judge was illegal, and in violation of section 2 of article 10, quoted above. It was held in the Matter of the Board of Health,

43 App. Div. 236, 60 N. Y. Supp. 27, that the members of the board
of health were municipal officers, and therefore within the provision
quoted above.   Section 20 of the public health law, above quoted,
explicitly declares, "There shall be local boards of health in the
several cities of the state."   The evident intent of the constitutional
enactment was to insure to localities the selection of their officials,
and the language conferring this right is not ambiguous.   It is not
contended on behalf of the plaintiffs that the Legislature could
confer upon the county judge the right to make these designations
in the first instance.   It is and must be conceded that the county
judge is not an authority of the city of Oswego, but is one of the
authorities of the county of Oswego.   In the Matter of Lester, 21
Hun, 130, it was held that the recorder was a city official, and, al-
though the boundaries of the city and county of New York were
identical, yet the office pertained to the city government; and, while
some of his lawful functions in their nature pertained to the county
rather than the city organization, it did not change his character
as a city officer, and, the designation there having been by the
recorder, he was held to be an authority of the city, and not of the
county.

The further contention of the defendants is that, as the statute in
the first instance provided that the appointment should be by the
local authorities, namely, the mayor and common council, they hav-
ing failed to perform their duties, the statute authorizing the ap-
pointment to be made by the county judge does not deprive the
local authorities of the right to choose.   But the difficulty with this
contention is that the provision is imperative, and confers the right
to appoint, without limitation.   In order to attain the object sought,
its letter and spirit should be followed.   The evident intent of the
provision is that the officials should be chosen by the local authori-
ties.   Full provision is made for the continuance in office of the
officials chosen in this way, except in case of death, and no reason
for a departure from the rule expressly laid down by the Constitu-
tion is apparent.   For, as the members of the board of health hold
over after the expiration of their terms until the appointment of
their successors, there would always be, except in case of death,
a person chosen by the local authorities to perform the duties of
the office, and no harm could come from temporary vacancies, such
as would be likely to occur by reason of the disagreement of the
mayor and common council, there being sufficient members of the
board left to discharge the duties of the office.   If the local authori-
ties are unable to agree, and the Legislature deemed it expedient
to provide other authority to act, it was restricted by the plain pro-
visions of the Constitution to the local authority.   The limitation is
a prohibition upon the exercise of the appointing power by any but
the local authority.   Nowhere is authority given for the appoint-
ment by other than local authority.   The limitation is not upon the
first instance, but no exception is made.   Officials must in every
instance be appointed by the authority of the city, village, or other
municipal corporation.   If the contention of the plaintiffs were cor-
rect, we might have an entire board selected by reason of a dis-

agreement, not by the local authorities, but, as in the instance under discussion, by the county judge, who cannot in any sense be claimed to be an authority of the city, but is plainly an official of the county. It would seem that such a result was not contemplated in the framing of the constitutional enactment. It is quite as feasible to select an appointing power to act, in case of disagreement, from the local authority, as from any outside authority; and while, unquestionably, the Legislature might provide for an appointment by some authority in case of disagreement of the first appointing power, yet it is expressly limited in such designation to the local authority. The language of the provision is not that the local authority shall have an opportunity to appoint, but that the officials must be appointed by the authority of the village, city, or other corporation.

We are of the opinion that the appointment by the county judge was illegal, and in violation of section 2 of article 10 of the Constitution; that the persons formerly appointed by the mayor and common council held over until the appointment of the defendants by the mayor and the confirmation by the common council, and, upon further compliance with the statutes, they became members of the board of health of the city of Oswego.

The judgment should therefore be reversed, and a judgment dismissing the complaint upon the merits directed, with costs to the defendants. All concur.