THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. BUSH
  and HENRY R. RODGER, Respondents, v. BYRON D. HOUGHTON
  and JEREMIAH T. DWYER, Appellants.

*Section 20 of the Public Health Law, directing the county judge to fill a vacancy
  which has continued thirty days in a city board of health, is unconstitutional.*

That part of section 20 of the Public Health Law (Laws of 1893, chap. 661, as
  amd. by Laws of 1903, chap. 383) relative to the method of filling vacancies in
  city boards of health, which provides, "If the proper authorities (namely,
  the common council, upon the nomination of the mayor) shall not fill any
  vacancies occurring in the membership of any local board within thirty days
  after the happening of such vacancy, the county judge of the county shall
  appoint a competent person to fill the vacancy for the unexpired term," vio-
  lates section 2 of article 10 of the State Constitution, which provides, "All city,
  town and village officers, whose election or appointment is not provided for by
  this Constitution, shall be elected by the electors of such cities, towns and vil-
  lages, or of some division thereof, or appointed by such authorities thereof, as
  the Legislature shall designate for that purpose."

APPEAL by the defendants, Byron D. Houghton and another,
from a judgment of the Supreme Court in favor of the relators,
entered in the office of the clerk of the county of Oswego on the
19th day of November, 1904, upon the decision of the court, ren-
dered after a trial at the Oswego Special Term, adjudging the rela-
tors to be entitled to office as members of the board of health of the
city of Oswego, N. Y., ousting and excluding the defendants from
said board.

*John Tiernan*, for the appellants.

*John Cunneen, Attorney-General*, and *Elisha B. Powell*, for
the respondents.

STOVER, J.:

Prior to December 3, 1901, the board of health of the city of
Oswego consisted of six appointed members and the mayor. On
that date an additional member was appointed by the mayor and
confirmed by the common council. By resignations and death
vacancies were created from time to time, and on November 24,
1903, the then mayor of the city of Oswego nominated to the com-
mon council as members of the board of health, Carl Daus to suc-

ceed himself and to serve until August 1, 1906; Henry R. Rodger in place of William Galvin, whose term expired, also to serve until August 1, 1906, and George W. Bush in place of Lucien H. Shepherd, deceased, to serve until August 1, 1905. These names were not confirmed by the common council, and thereupon the mayor notified the county judge that three vacancies existed in the board of health of said city; that more than thirty days had elapsed since the happening of each of such vacancies; that he had duly nominated three persons to fill said vacancies, and that the common council had refused to confirm the same. Upon receipt of such notice the county judge of Oswego county appointed as members of the board of health Carl Daus to succeed himself and to serve until August 1, 1906; Henry R. Rodger in place of William Galvin, to serve until August 1, 1906, and George W. Bush to fill the vacancy caused by the death of Lucien H. Shepherd, to serve until August 1, 1905.

The appointments so made were filed in the proper offices, and the relators Bush and Rodger notified of their appointment; each took and filed his oath of office and attended and participated in the meetings of the board.

At the time of the appointments by the county judge, Dwyer and Houghton were performing the duties and holding office after the expiration of their respective terms.

On the 26th day of January, 1904, James E. Mansfield, having entered upon the duties as mayor of the city of Oswego, nominated as members of the board of health among others the defendant Houghton in place of Lucien H. Shepherd, deceased, for the unexpired term ending August 1, 1905, and the defendant Dwyer in place of William Galvin who failed to qualify and for the unexpired term ending August 1, 1906. The common council confirmed these nominations the same day, and the defendants Houghton and Dwyer took and filed their oaths of office as members of said board of health, and have exercised said office down to the time of the trial of this action.

This action was brought by the Attorney-General upon the relation of Bush and Rodger to oust Houghton and Dwyer from their office.

Section 20 of the Public Health Law (Laws of 1893, chap. 661,

as amd. by Laws of 1903, chap. 383) provides that the board of health in a city except as therein specified, the exceptions not including the city of Oswego, "shall consist of the mayor * * * and at least six other persons * * * who shall be appointed by the common council upon the nomination of the mayor and shall hold office for three years."

A further provision is therein made for the filling of vacancies in the board, and the following provision is made : " If the proper authorities shall not fill any vacancies occurring in the membership of any local board within thirty days after the happening of such vacancy, the county judge of the county shall appoint a competent person to fill the vacancy for the unexpired term, which appointment shall be immediately filed in the office of the county clerk, and a duplicate thereof filed with the clerk of the municipality for which such appointment is made."

Section 5 of the Public Officers Law (Laws of 1892, chap. 681) provides that every officer with certain exceptions therein named, the exceptions not including the office under discussion, shall hold over and continue to discharge the duties of his office after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified, "but after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor." And further, "An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

Section 2 of article 10 of the Constitution provides : " All county officers whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct. All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose. All other officers, whose election or appointment is not provided for by this Constitution, and all officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the Legislature may direct."

The language of the Constitution is clear and under section 5 of the Public Officers Law members of the board of health of the city of Oswego held over until the appointment and qualification of their successors.

The contention of the defendants is that the appointment by the county judge was illegal and in violation of section 2 of article 10, quoted above.

It was held in *Matter of Board of Health* (43 App. Div. 236) that the members of the board of health were municipal officers, and, therefore, they are within the provision of the Constitution quoted above.     Section 20 of the Public Health Law, above quoted, explicitly declares: "There shall continue to be local boards of health * * * in the several cities * * * of the State."

The evident intent of the constitutional enactment was to insure to localities the selection of their officials, and the language conferring this right is not ambiguous.

It is not contended on behalf of the plaintiffs that the Legislature could confer upon the county judge the right to make these designations in the first instance.     It is and must be conceded that the county judge is not an authority of the city of Oswego, but is one of the authorities of the county of Oswego.

In *Matter of Lester* (21 Hun, 130) it was held that the recorder was a city official, and although the boundaries of the city and county of New York were identical, yet the office pertained to the city government; and while some of his lawful functions in their nature pertained to the county rather than the city organization, it did not change his character as a city officer, and the designation there having been by the recorder, he was held to be an authority of the city and not of the county.

The further contention of the defendants is that as the statute in the first instance provided that the appointment should be by the local authorities, namely, the mayor and common council, they having failed to perform their duties, the statute authorizing the appointment to be made by the county judge does not deprive the local authorities of the right to choose.     But the difficulty with this contention is that the provision of the Constitution is imperative and confers the right to appoint without limitation.     In order to attain the object sought, its letter and spirit should be followed.     The evi-

dent intent of the provision is that the officials should be chosen by the local authorities.    Full provision is made for the continuance in office of the officials chosen in this way, except in case of death, and no reason for a departure from the rule expressly laid down by the Constitution is apparent.    For, as the members of the board of health hold over after the expiration of their terms until the appointment and qualification of their successors, there would always be, except in case of death, a person chosen by the local authorities to perform the duties of the office, and no harm could come from temporary vacancies, such as would be likely to occur by reason of the disagreement of the mayor and common council, there being sufficient members of the board left to discharge the duties of the office.

If the local authorities are unable to agree and the Legislature deemed it expedient to provide other authority to act, it was restricted by the plain provisions of the Constitution to the local authorities.    The limitation is a prohibition upon the exercise of the appointing power by any but the local authorities.    Nowhere is authority given for the appointment by other than local authorities. The limitation is not upon the first instance, but no exception is made.    Officials must in every instance be appointed by the authority of the city, village or other municipal corporation.

If the contention of the plaintiffs were correct we might have an entire board selected by reason of a disagreement, not by the local authorities, but as in the instance under discussion, by the county judge, who cannot in any sense be claimed to be an authority of the city, but is plainly an official of the county.    It would seem that such a result was not contemplated in the framing of the constitutional enactment.

It is quite as feasible to select an appointing power to act in case of disagreement, from the local authorities as from any outside authority ; and while unquestionably the Legislature might provide for an appointment by some authority in case of disagreement of the first appointing power, yet it is expressly limited in such designation to the local authorities.    The language of the constitutional provision is not that the local authorities shall have an opportunity to appoint, but that the officials must be appointed by the authorities of the village, city or other corporation.

We are of the opinion that the appointment by the county judge

was illegal and in violation of section 2 of article 10 of the Constitution; that the persons formerly appointed by the mayor and common council held over until the appointment of the defendants by the mayor and the confirmation by the common council, and upon further compliance with the statutes they became members of the board of health of the city of Oswego.

The judgment should, therefore, be reversed, and a judgment dismissing the complaint upon the merits directed, with costs to the defendants.

All concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.