JEROME S. PLUMMER *vs.* MICHAEL MURRAY and others.

Married women being permitted by the act of 1849, (*ch.* 375,) to make wills devising real and personal estate, the same statute which protects the after-born children of their husbands from wills made by such husbands, also protects the children of married women from wills made by their mothers previous to the birth of such children.

Hence children born after the making of a will, and not provided for and not mentioned therein, are to succeed as in case of the intestacy of the parent making such will, whether father or mother.

Accordingly, where a married woman, in 1861, being then childless, made a will devising real and personal estate to her husband, and afterwards had a child born, who survived her; *it was held* that such child, after her mother's death, was entitled to surplus moneys arising from the sale under a foreclosure, of the real estate devised, subject to the husband's life estate as tenant by the curtesy.

MOTION to confirm the report of a referee, as to the disposition of the surplus moneys arising on a mortgage sale.

The referee found that Albert Michel and Antoinette C. Michel were married in 1859. That in September, 1860, they had a child born, who died in the month following its birth. That in July, 1861, Antoinette C. Michel, the wife of Albert Michel, then being childless, made a will, by which she devised her property to her husband, she then owning real estate. That two children, Adaline Michel and Annette Michel, were born subsequently, and that Adaline, one of the children, died May 24, 1864, and after her mother, who died June 15, 1863. That Albert Michel, the testatrix's husband, and Annette Michel, her daughter, are still living. That the land which the testatrix died seised and possessed of, has been sold under a foreclosure sale, and that there is a surplus of $2029.85. That the same was claimed by the husband of the deceased, as devisee, and by the surviving child as heir at law of her mother, subject to her father's tenancy by the curtesy therein. The referee reported in favor of

the devisee under the will, and the infant, by her guardian, opposed the confirmation of the report.

J. F. BARNARD, J.   Among the classes of persons prohibited by the Revised Statutes from making a will were married women.   (2 *R. S.* 57, § 1.)   It was provided by the statute that if, after the making of a will by a married man, he had a child born either in his lifetime or after his death, and he should die leaving such after born child unprovided for, and not mentioned in his will, every such child should succeed to the same portion of his father's real and personal estate as would have descended or been distributed to such child, if the father had died intestate. (2 *R. S.* 65, § 49.)   In 1849, the disability to make a will was removed from married women, and they were permitted to devise personal and real property as if unmarried. (*Laws of* 1849, *ch.* 375.)

Laws *in pari materia* must be construed as if they formed parts of the same statute and were enacted at the same time.   The words *in pari materia* are used as a phrase applicable to public statutes or general laws made at different times and in reference to the same subject.   Such laws are to be construed together as forming a united system, and as one statute; otherwise the system might be unharmonious and inconsistent.   The design is to carry out the intentions of the laws ; and it is a rule that a code of statutes relating to one subject was intended by the legislature to be consistent and harmonious in all its parts and provisions.

The children of the only married person who could make a will at the enactment of the Revised Statutes were protected from being disinherited when born after the making of the will of such person and not provided for or named in it.   If married women could then have made a will, the statute would have been construed to protect their children in like circumstances.   Married

women can now make a will. The same beneficent statute protects their children which protects the children of their husbands. The system is one—the design is uniform. Children born after the making of a will, and not provided for and not mentioned in it, are to succeed as in case of the intestacy of the parent making such will, whether father or mother. There can be no discrimination made in favor of a husband, as devisee. He has no right against his child, except under the will, and if as to him that is good against after born children of their mother, it would be were a stranger the devisee.

The infant, Annette, is entitled to the surplus, subject to her father's life estate as tenant by the curtesy, and the report is sent back to the same referee for correction, in accordance herewith.

[KINGS SPECIAL TERM, February 3, 1868. *J. F. Barnard*, Justice.]