VILLAGE OF LYNBROOK, Appellant, *v.* GEORGE J. CADOO
et al., Respondents, Impleaded with Others.

(Argued November 20, 1929; decided December 3, 1929.)

*Thomas L. Driscoll* for appellant. If defendants ever had a remedy, they have lost it by delay and procrastination for seven years. (*Abell* v. *Hunter*, 211 App. Div. 467; 240 N. Y. 702; *People ex rel. Abell* v. *Clarkson*, 223 App. Div. 373; *N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165; *Gardner* v. *Christian*, 70 Hun, 547.) The failure to publish notice of election for the full statutory time required is unsubstantial and does not render the annexation election void. (*Matter of N. Y. & L. I. Bridge Co.* v. *Smith*, 148 N. Y. 547; *Ewell* v. *Doggs*, 108 U. S. 148; *Olcott* v. *Robinson*, 21 N. Y. 150; *Ensign* v. *Borse*, 107 N. Y. 329; *Volz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122; *Hulan* v. *Greenfield Township*, 229 Mich. 273; *Hood* v. *City of Wheeling*, 85 W. Va. 578; *State* v. *Salt Lake City*, 35 Utah, 25; *Seymour* v. *Tacoma*, 6 Wash. 427; *State* v. *Doherty*, 16 Wash. 382; *Wheat* v. *Smith*, 50 Ark. 266.) The alleged failure to give notice by publication has been waived by defendants. (*Bechstein* v. *Schultz*, 120 N. Y. 168; *Pawlak* v. *Gruszecki*, 124 Misc. Rep. 447; *Abell* v. *Hunter*, 217 App. Div. 746; 243 N. Y. 596; *State* v. *Des Moines*, 96 Iowa, 521; *Strasser* v. *Fort Wayne*, 100 Ind. 443; *Morgan* v. *Railroad Co.*, 96 U. S. 716; *Niven* v. *Belknap*, 2 Johns. 573; *Trenton Baking Co.* v. *Duncan*, 86 N. Y. 222; *Gregg* v. *Van Phiel*, 1 Wall. 274.)

*Charles J. Buchner* for respondents. The area including the property of the defendants-respondents was never properly annexed to the village. (*Johnson* v. *Indianapolis*, 174 Ind. 691; *Blanchard* v. *Bissell*, 11 Ohio St. 96; *State* v. *Several Parcels of Land*, 80 Neb. 11; *Gardner* v. *Christian*,

70 Hun, 547; *New York Central R. Co.* v. *Yonkers*, 238 N. Y. 165; *People ex rel. Abell* v. *Clarkson*, 223 App. Div. 373; *Abell* v. *Clarkson*, 237 N. Y. 85.)

POUND, J.   The question in this case is whether the appellant, the incorporated village of Lynbrook in the county of Nassau, may maintain an action to cancel of record a map or plan of a subdivision of land filed by the respondent George J. Cadoo in the office of the county clerk of Nassau county on September 4, 1926, without the approval of the planning board of the village.   The planning board was established and organized prior to the date of such filing, under authority of Laws of 1926, chapter 719, entitled " An Act to amend the village law, in relation to official maps and planning commissions." The map as filed bears the legend, " Map of Lyndwood Manor belonging to George J. Cadoo *situated at Lynbrook*, Nassau Co., N. Y."   The streets and lots platted thereon are included in the territory sought to be taken from the adjacent town of Hempstead and annexed to the village, in the year 1921, by proceedings taken under Village Law (Cons. Laws, ch. 64), section 348, and thereafter accepted by all parties affected thereby as valid until this controversy arose.   On appeal from a judgment dismissing the complaint the Appellate Division affirmed on the ground that the annexation proceedings of 1921 were void; that, therefore, the Cadoo property laid out on the map so filed was no part of the village of Lynbrook, and not subject to the provisions of the Village Law relative to the filing of official maps.   The regularity of the annexation proceedings is attacked by the respondents on the ground that the notice of the election at which the annexation proposition was submitted to the voters was not given in accordance with the requirements of the Village Law, section 52, which regulates the manner in which notice of village elections to elect officers and vote on propositions shall be given.   Respondents contend

that the words of the section, " a vote upon a proposition shall be *void* unless *due* notice of the election has been given," must be taken literally. They are used in connection with the provision: " An annual election    *    *    * shall not be invalid because of a failure to give such notice." It has been held that the vote on the proposition is of no effect, the same as if no vote had been taken thereon.

Village Law, section 52, provides as follows as to the publication of notices of election:    " *    *    * The board or such members thereof as are in office also shall, at least ten days before the election, cause notice thereof to be published at least once in the official paper, if such paper is published in the village, and a printed copy thereof conspicuously posted in at least six public places in the village, specifying the time and place or places of holding the election, the hours of opening and closing the polls thereof, the office, if any, and the term to be filled, and setting forth in full all propositions to be voted upon. *    *    * " No question is raised as to the proper posting of notices that the annexation proposition would be voted upon. A notice proper in form was published in a newspaper published in the village of Lynbrook nine days before the election and also two days before the election: This is the defective notice of election which is now relied on to invalidate the annexation; *i. e.*, the shortage of one day in the time of the published notice.

Section 89 of the Village Law, defining the general powers of the board of trustees of a village, provides: " *    *    * 8. Official paper. May designate a newspaper as the official paper of the village. If but one newspaper is published in the village continuously, it shall be designated as the official paper, if any paper is so designated.    *    *    * If no official paper has been designated, the designation of a newspaper for the publication of a notice, resolution, ordinance or other proceeding of the board shall be deemed a designation thereof as the official paper of the village, for the purpose of

such publication. * * * " The record does not indicate that any paper was ever designated by resolution of the board of trustees as " the official paper of the village " of Lynbrook or that the village board ever designated by resolution any paper for the publication of the notice in question. We shall, however, with the aid of the presumption of the regularity of official acts, conclude that the publication was made by authority of the board; and that the paper was the official paper of the village for the purpose of the publication, and that section 52 of the Village Law has been substantially but not literally complied with. That the court must hold that the vote upon the annexation proposition was void in the sense that it is to be regarded for the purposes of this action as having no legal force or effect, as a nullity, non-existent as a fact for all time, by no means follows. The word " void " is sometimes used in statutes in the sense of " voidable," i. e., capable of being avoided by the party who claims its protection. " Even when a statute in so many words declares a transaction void for want of certain forms, the party for whose protection the requirement is made often may waive it, void being held to mean only voidable at the party's choice." (*United States* v. *New York & Porto Rico S. S. Co.*, 239 U. S. 88, 93.) Waiver may in such cases be implied from a course of conduct indicative of a disposition to forego a right which might have been insisted upon. This rule is properly applied in favor of the regularity of proceedings to attach territory to a municipal corporation. Even though the respondents might have defeated the annexation if they had acted with reasonable promptness, they are now in no position to claim the protection of the statute. They have acquiesced in the fact of annexation, paid village taxes, and even filed their map as a map of a subdivision of the village and not as a part of the surrounding town of Hempstead. Now, when the consequences of defeating the annexation would be so dis-

astrous and far-reaching, they seek to tear apart the village structure so that they may file their map in the office of the county clerk without the approval of the village planning board. They have slept for five years on their right to object to the irregularity of the vote on the proposition to include their land within the village boundaries. If their rule of statutory construction is correct, they might wait for a longer period, until they became dissatisfied with the rate of taxation or with some local assessment, or with the result of a village election, and then assert that they are not and never were bound by the annexation proceedings. Such a conclusion would be fraught with calamity and is contrary to the public interests. It is against the trend of judicial decision elsewhere. (McQuillin Municipal Corporations [2d ed.], § 306, and cases cited.) It has been held that a party may by a course of conduct covering a considerable period preclude himself from raising the question that an annexation statute was void for unconstitutionality. (*State of Iowa ex rel. West* v. *City of Des Moines*, 96 Iowa, 521.) Government is a practical affair. Statutory proceedings by town and village boards are often defective in some unsubstantial detail. When every one concerned has had notice and has accepted the result of the vote on a proposition, new situations should not be permitted to revive claims of complete invalidity based on such trifling discrepancies as appear here between the statutory requirement and the notice given by the village board.

In this connection it may not be irrelevant to observe that after this action was brought the Legislature provided (Laws of 1927, ch. 650) that substantial compliance with the provisions of the annexation statute (Village Law, § 348) shall be deemed sufficient and that no action or proceeding shall be taken by any person questioning the validity of such annexation unless taken within one year of the annexation as provided by the section. While this amendment to the statute has no retroactive effect

as applied to pending actions (Gen. Cons. Law, § 94; Cons. Laws, ch. 22), it indicates clearly the intention of the Legislature to close the courts against mildewed assertions of technical non-compliance with the provisions of the statute.

We now pass to the question of the planning provisions of the statute (Laws of 1926, ch. 719) as applicable to the case. Town planning is a new field of legislation, comparable with the recent development of zoning laws and regulations. Its purpose is to preserve through a governmental agency a uniform and harmonious development of the growth of a village and to prevent the individual owner from laying out streets according to his own sweet will without official approval. As stated in the statute (§ 179-l): " * * * In approving such plats the planning board shall require that the streets and highways shall be of sufficient width and suitably located to accommodate the prospective traffic and to afford adequate light, air and access of fire-fighting equipment to buildings, and to be coordinated so as to compose a convenient system; that the land shown on such plats shall be provided with proper sanitary and drainage conditions; and that the parks shall be of reasonable size for neighborhood playgrounds or other recreation uses. In making such determination regarding streets, highways and parks the planning board shall take into consideration the prospective character of the development, whether dense residence, open residence, business or industrial." We are not called upon to pass upon the details of the statute. One only requires attention. Section 179-e provides that every village may by resolution of its board of trustees establish an official map or plan of the village showing the streets, highways and parks theretofore laid out, adopted and established by law, " * * * and such map or plan is to be deemed to be final and conclusive with respect to the location and widths of streets and highways and the location of

parks shown thereon. Such official map or plan is hereby declared to be established to conserve and promote the public health, safety and general welfare. The clerk of every village which has established such an official map or plan shall immediately file a certificate of that fact with the clerk or register of the county in which said village is located."

Section 179-m reads as follows: " § 179-m. No plat of a subdivision of land showing a new street or highway shall be filed or recorded in the office of the county clerk or registrar until it has been approved by a planning board which has been empowered to approve such plats, and such approval be indorsed in writing on the plat in such manner as the planning board may designate. After such plat is approved and filed, subject however, to review by court as hereinafter provided, the streets, highways and parks shown on such plat shall be and become a part of the official map or plan of the village. The owner of the land or his agent who files the plat may add as part of the plat a notation if he so desires to the effect that no offer of dedication of such streets, highways or parks or any of them is made to the public."

It does not appear that the village of Lynbrook has adopted a city map since the enactment of the statute and filed a certificate of that fact with the County Clerk of Nassau county, and it is contended that the statute is, therefore, inapplicable. By the title of the statute it appears that the legislation deals with official maps as well as with city planning. The Cadoo map, which has not been approved by the planning board of the village, has been filed in the office of the County Clerk of Nassau county. The Legislature has power to declare what maps or plans or plats may be regarded as official maps and filed as such in a public office. It has declared that this Cadoo plat shall not be filed. Inaction on the part of the village in adopting a city planning map should not result in defeating the purpose of the law with regard to filing non-official maps.

The appellant is entitled to a judgment to the effect that the County Clerk shall remove from and cancel of record the map No. 613 filed by respondent Cadoo. To that extent plaintiff may have judgment. Other questions may be disposed of as they arise.

The judgment of the Appellate Division and that of the Special Term should be reversed, and judgment directed for the plaintiff in accordance with this opinion, with costs in all courts.

CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., not sitting.

Judgments reversed, etc.