THE JARL COMPANY, Respondent, *v.* THE VILLAGE OF CROTON-ON-HUDSON et al., Appellants.

(Argued January 4, 1932; decided February 9, 1932.)

*Edgar A. B. Spencer* and *Maurice Iserman* for appellants. The plaintiff in its individual capacity may not maintain an action attacking a municipal franchise or extension thereof valid on its face and a court may not entertain such an action. (*People ex rel. Jordan* v. *Clark*, 70 N. Y. 518; *People* v. *Carpenter*, 24 N. Y. 86; *People* v. *Ingersoll*, 58 N. Y. 1; *Ayers* v. *Lawrence*, 59 N. Y. 192; *Roosevelt* v. *Draper*, 23 N. Y. 318; *Prankard* v. *Cooley*, 147 App. Div. 145; *Abell* v. *Hunter*, 211 App. Div. 467; 240 N. Y. 702; *People ex rel. Thomson* v. *Hinsdale*, 43 Misc. Rep. 182; *Village of Lynbrook* v. *Cadoo*, 226 App. Div. 681; 252 N. Y. 308.)

*Alexander S. Andrews* for respondent. The annexation proceedings, and the assessment based thereon, were null and void. (*People ex rel. Abell* v. *Clarkson*, 223 App. Div. 373; *Bussing* v. *City of Mt. Vernon*, 198 N. Y. 205;

*Litchfield* v. *Vernon*, 41 N. Y. 123; *Matter of Sharp*, 56
N. Y. 257; *Jex* v. *Mayor*, 103 N. Y. 536; *Miller* v. *Amsterdam*, 149 N. Y. 288.)   The action properly lies to remove
the cloud of the void tax assessment.   (*Trumbull* v.
*Palmer*, 104 App. Div. 51; *Tysen* v. *City of New York*,
122 Misc. Rep. 627; 212 App. Div. 300; *Alvord* v. *Syracuse*,
163 N. Y. 158; *McLean* v. *Jephson*, 123 N. Y. 142; *Monroe
County* v. *Rochester*, 154 N. Y. 570; *Elmhurst Fire Co.* v.
*City of New York*, 213 N. Y. 87; *Rice Hospital* v. *North
Tarrytown*, 187 App. Div. 855; *Bussing* v. *City of Mt.
Vernon*, 198 N. Y. 196.)   A litigant properly in court,
coming there as a plaintiff with an independent juris-
dictional ground created by statute or recognized by the
immemorial jurisdiction of equity, can attack a void
assessment and a void annexation.   (*Steele* v. *Village of
Glen Park*, 193 N. Y. 341; *Village of Lynbrook* v. *Cadoo*,
252 N. Y. 308; *Corscadden* v. *Haswell*, 177 N. Y. 499;
*People ex rel. Yost* v. *Becker*, 203 N. Y. 201; *Bradley* v.
*Ins. Co.*, 45 N. Y. 422; *Williams* v. *Boynton*, 147 N. Y.
426; *Mellen* v. *Mellen*, 139 N. Y. 210; *Moir* v. *Provident
Society*, 127 App. Div. 591; *Ciancimino* v. *Man*, 20 N. Y.
Supp. 702; *People ex rel. D. & H. Co.* v. *Parker*, 117
N. Y. 86; *Van Deventer* v. *Long Island City*, 139 N. Y.
133; *Matter of Allen Sq. Co.* v. *Krieger*, 217 App. Div. 123;
*People ex rel. Littman* v. *Wells*, 91 App. Div. 172; *Union
Co.* v. *Buffalo*, 82 N. Y. 351.)

*John E. Mack*, *Herman Tocker* and *Oscar L. Gruber*
for Alice Davis et al., *amici curiæ*.   As an action to
remove a cloud from title, the complaint states facts
sufficient to constitute a cause of action.   (*Boyle* v.
*City of Brooklyn*, 71 N. Y. 1; *Matter of Sharp*, 56 N. Y.
257; *Litchfield* v. *Vernon*, 41 N. Y. 123; *Miller* v. *City
of Amsterdam*, 149 N. Y. 288; *Jex* v. *Mayor*, 103 N. Y.
536.)   As an action brought under section 348 of
the Village Law the complaint states facts sufficient
to constitute a cause of action.   (*People ex rel. Abell* v.
*Clarkson*, 223 App. Div. 373; *Latonia* v. *Hopkins*, 47

S. W. Rep. 248; *Vestal* v. *City of Little Rock*, 15 S. W. Rep. 891.) The plaintiff has capacity to sue. (*New York Infant Asylum* v. *Supervisors of Westchester*, 31 Hun, 116; *Strusburgh* v. *Mayor*, 87 N. Y. 452; *Sharp* v. *Speir*, 4 Hill, 76; *Alvord* v. *Syracuse*, 163 N. Y. 158; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *McNamara* v. *City of Rochester*, 124 Misc. Rep. 229.) The complaint being sufficient and the plaintiff having capacity to sue, the court has jurisdiction of the subject-matter of the action. (*Mott* v. *Oppenheimer*, 135 N. Y. 312; *Valentine* v. *Richardt*, 126 N. Y. 272; *Lynch* v. *M. E. R. Co.*, 129 N. Y. 274; *Madison Avenue Baptist Church* v. *Oliver Street Baptist Church*, 73 N. Y. 82.)

CARDOZO, Ch. J. Plaintiff, a corporation, a landowner in the county of Westchester, brings this action to set aside a tax assessment imposed upon its land by the defendants, the trustees of the village of Croton-on-Hudson, the basis of its complaint being that the land subjected to the assessment is not a part of the village.

Section 348 of the Village Law (Cons. Laws, ch. 64) prescribes the mode in which territory not within a village may be annexed thereto. The petition for annexation to be presented to the trustees shall be signed by a majority of the persons qualified to vote for town officers within the territory to be annexed or by the owners of a majority in value of the property therein according to the last preceding town assessment roll. Accompanying the petition, there must be the written consent of the majority of the town board residing outside the village. The trustees are then required to submit the proposition to the voters at a village election. If the proposition is adopted, annexation becomes complete upon the filing of a map with the Secretary of State and the filing of his certificate with the village clerk. A substantial compliance with the provisions of the section is to be deemed sufficient, and " no action or proceeding shall be taken

by any person questioning the validity of such annexation unless so taken within one year."

In June, 1930, there was presented to the trustees of the village of Croton-on-Hudson a petition praying that neighboring territory, multiplying many times the size of the incorporated village, be annexed thereto. The plaintiff complains that this petition was not signed by a majority of the residents of the territory to be annexed who were qualified to vote for town officers therein, nor by the owners of a majority in value of the property therein according to the last preceding assessment roll. The trustees upon receipt of the petition submitted the proposition to the electors of the village who voted to accept it. No complaint is made of any defect or omission in the maps or other documents required from then on. Annexation being thus complete on the face of the record, the trustees of the village, in November, 1930, imposed an assessment upon the land within the territory annexed. They did this against the protest of the plaintiff who maintained that the annexation was void because the requisite number of voters or owners in the territory annexed had not given it their support by signing the petition. In February, 1931, this action was begun.

There is faint, if any, dispute by the defendants that the annexation is invalid if the petition has not been signed in accordance with the statute (cf. *Bussing* v. *City of Mt. Vernon*, 198 N. Y. 196, 205; *Litchfield* v. *Vernon*, 41 N. Y. 123). The referendum was submitted to the voters of the village as originally constituted, and not to any others. The residents of the annexed territory have never had an opportunity to give expression to their wishes except to the extent that they may have done so by becoming parties to the petition. If the interests represented by the signatures fall short of the minimum exacted by the statute, the defect is one of substance. All this may be conceded, and there yet remains the question as to the remedy available. It is here that the defendants have

chiefly aimed their fire. They take the ground that the annexation, though it be subject to avoidance at the instance of the State, is not subject to that infirmity when challenged by a private suitor. The challenge, they insist, must be direct and not collateral.

There is little authority on the subject in this State, and not a few of the decisions in other States are confused and contradictory. Many are collated in McQuillan on Municipal Corporations (Vol. 1, § 307). Statements are abundant to the effect that the validity of proceedings looking to the incorporation of a village may not be challenged by a property owner who has slept upon his rights, and that proceedings for annexation are subject to like rules (McQuillan, *supra*). At times the ruling has been broader, at all events if the words of the opinions are taken at their face value without relation to the facts. So taken they seem to say that capacity to avoid the annexation is denied to private suitors altogether, however prompt the challenge and however grievous the defect (*Mason* v. *Kansas City,* 103 Kan. 275). Not infrequently irregularities are grouped with jurisdictional omissions, or at least no sharp distinction is made between them.

We think the key to the solution of the problem is to be found in the principles that regulate the recognition of *de facto* corporations. If a village has been organized or territory has been annexed to it with color of adherence to existing forms of law and if there has been user for a substantial time of the franchise or jurisdiction supposed to be acquired, there arises a corporation *de facto*, whose existence may not be challenged by any one except the State (*Methodist Episcopal Union Church* v. *Pickett,* 19 N. Y. 482, 485). Color of compliance with the statute does not suffice, however, if user has not followed. This is the law for private corporations (*Von Lengerke* v. *City of New York,* 150 App. Div. 98, 102; 211 N. Y. 558; *Methodist Episcopal Union Church* v. *Pickett, supra;*

*Emery* v. *De Peyster*, 77 App. Div. 65; *Card* v. *Moore*, 68 App. Div. 327, 337; 173 N. Y. 598). It is the law for public corporations also. Two cases in Illinois develop the doctrine neatly. In one, *People ex rel. Rice* v. *McKinnie* (277 Ill. 342), territory was annexed to a city in 1904, and a taxpayer waited until about 1917 to challenge an assessment. The city in the meantime had exercised continuous and unquestioned jurisdiction over the territory annexed. The ruling was that after such an interval the validity of the annexation was not subject to attack except in a direct proceeding at the instance of the State. In the other case, *People ex rel. Moyer* v. *Hausen* (276 Ill. 204), the ordinance declaring annexation was passed in April, 1915, the tax levy ordinance was passed in August of the same year, and the taxpayer's resistance promptly followed. The ruling was that the period of user was too short to establish a *de facto* franchise, and that the legality of the proceeding might be challenged by a private suitor.

What was held in these cases is in accord with the decision of this court in a very recent case, where the point had not been made, however, that capacity to avoid the annexation was restricted to the State (*Village of Lynbrook* v. *Cadoo*, 252 N. Y. 308). Cadoo, sued by a village, made the defense that he was not a resident within it for the reason that there had been a shortage of a single day in publishing the notice to enlarge the village limits. The annexation proceeding was taken in 1921, and the landowner did not object to it till five years afterwards, paying village taxes and otherwise acquiescing in the interval. We held that the objection came too late. Whether capacity to avoid the annexation would have belonged to the objecting owner if the challenge had been timely, there was no occasion to determine. The opinion is, however, instinct with the assumption that his standing would have been recognized if objection had been prompt.

The plaintiff now before us contested the validity of

the annexation and of the assessment laid thereunder with persistence and dispatch. The village at the time of the contest had not acquired the quality of a *de facto* corporation in the territory annexed, for it had not exercised its franchise there without resistance or protest for a substantial space of time. If the annexation was a nullity, the tax imposed by the trustees of the village was the act of mere intruders, and the plaintiff was at liberty to vacate it as a cloud upon the title.

What we have written has confirmation in the concluding sentence of section 348 of the Village Law to the effect that " no action or proceeding shall be taken by any person questioning the validity of such annexation unless so taken within one year of the annexation as above provided." This provision is pregnant with the implication that if the action or proceeding be begun within the year, the right to maintain it is not peculiar to the State.

The order should be affirmed, with costs, and the questions certified answered " yes."

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.