GRANT M. KRESS, Appellant, *v.* THE VILLAGE OF WATKINS GLEN and Others, Respondents.

Order affirmed, with ten dollars costs and disbursements. Hill, P. J., McNamee and Crapser, JJ., concur; Rhodes, J., dissents, with an opinion in which Heffernan, J., concurs.

RHODES, J. (dissenting). Plaintiff seeks a declaratory judgment as to whether a special election held in the village of Watkins Glen was legal and effective for the purpose of reincorporating said village under the Village Law. The charter of the village was created by special act, chapter 36 of the Laws of 1918, by which the former corporate existence was continued. (See Laws of 1361, chap. 125.) Later the name was changed to Watkins Glen by chapter 550 of the Laws of 1926. On November 28, 1933, a special election was held for the purpose of voting upon

the following proposition: " Shall the Village of Watkins Glen, N. Y., be reincorporated under the Village Law of the State of New York, being Chapter 64 of the Laws of State of New York for 1909, and the acts amendatory thereof? " At such election any voter otherwise qualified was permitted to vote irrespective of whether such voter was the owner of property within the village assessed upon the last assessment roll thereof. The result of the election, as certified by the election officials, showed 381 votes in favor of the proposition, 367 negative votes, a majority of 14 in favor thereof. Only 338 of the voters possessed the property qualification referred to, so it is apparent that if only such property holders were eligible to vote, the proposition has not been legally adopted. Respondents moved at Special Term to dismiss the complaint upon the following grounds: 1. That the court lacks jurisdiction of this action. 2. That the complaint does not state facts sufficient to constitute a cause of action. 3. That the court in this action has no power to determine the validity of the incorporation of the defendant under the General Village Law. The court below properly concluded that the action may be maintained by a taxpayer and that the court has jurisdiction. (See *Bareham* v. *City of Rochester*, 246 N. Y. 140.) In *Gwynne* v. *Board of Education* (259 N. Y. 191) the court said: " The New York rule permits any one to set up lack of compliance with the law in the organization of a municipal corporation, unless he has estopped himself by his conduct from doing so. (*Village of Lynbrook* v. *Cadoo*, 252 N. Y. 308.) " (See, also, *Jarl Co.* v. *Village of Croton-on-Hudson*, 258 N. Y. 303; *Methodist Episcopal Union Church* v. *Pickett*, 19 id. 482.) The rule enunciated in these cases thus destroys the force of the contrary holding in *Prankard* v. *Cooley* (147 App. Div. 145), so far as it otherwise might be applicable. It is suggested by the respondents that the plaintiff has acquiesced in the result of the election and, therefore, is estopped from questioning it. ·The complaint, however, contains no allegations bearing on that subject, which, therefore, may not now be considered. We come then to the question: Were persons having other requisite qualifications entitled to vote without possessing the property qualifications specified by subdivision 2 of section 41 of the Village Law? The answer depends upon whether it applies. Said subdivision reads as follows: " To entitle him or her to vote upon a proposition he or she must be entitled to vote for an officer, and he or she must also be the owner of property in the village assessed upon the last preceding assessment-roll thereof." The court below held, and the respondents now assert, that such provision of the Village Law does not apply, but that the eligibility of voters is controlled by the provisions of section 12 of the charter of said village, which section, so far as material, reads as follows: " Every inhabitant actually residing in said village, who shall have been such actual resident of said village for thirty days next prior to the time of offering his vote and who shall at the time of offering his vote be qualified to vote for member of assembly, shall be entitled to vote for all officers to be elected by virtue of this act." Section 300 of the Village Law in part provides that " The board of trustees of such village may, upon its own motion, and shall, upon the petition of twenty-five electors *assessed upon the last assessment-roll of the village*, cause to be submitted at a village election a proposition for such reincorporation." Thus it appears that the petition must be signed by property holders otherwise qualified to vote and that a person legally entitled to vote in said village for *officers* to be elected, is not thereby qualified to become such petitioner in the

absence of such property qualification. Section 12 of such law requires that voters on a proposition to incorporate a village in the first instance, must similarly be property holders. If only property owners may vote to incorporate, why should other than property owners be permitted to vote to reincorporate? If the right to vote is peculiarly within the province of property holders in one case, why not in the other? Section 60 of the charter permits the levying of taxes authorized by vote of the electors who are *taxable* upon their real or personal property at special meeting of such taxable inhabitants, and section 71 forbids the borrowing of any money or incurring of any debt in behalf of the corporation unless authorized by a vote of the *taxable* inhabitants of the said village. These express provisions of the charter are some indication of a legislative intent to require a property qualification of voters on all matters except the election of officers of the village. There is no specific provision in the charter defining the eligibility of voters on a proposition to reincorporate under the Village Law. The provisions of the subdivision of section 41 of the Village Law, as already pointed out, require a property qualification to render a person eligible to vote upon a " proposition." By section 300 of the Village Law such question of reincorporation is referred to as a " proposition." Section 380 of the Village Law provides that a village incorporated under a special law possesses all the powers and is subject to all the liabilities conferred or imposed upon a village incorporated under such Village Law not inconsistent with such special law. It does not specifically state that the provisions of the Village Law not inconsistent with such special law are applicable thereto, and it was pointed out by the court below that said section 380 applies only to corporate powers and duties and does not in terms deal with the qualifications of electors. However, under well-settled principles of law, the general Village Law is applicable where not inconsistent with the provisions of the charter. It is the general rule that acts in *pari materia* are to be construed together as though forming parts of the same statute. (*Smith* v. *People*, 47 N. Y. 330; *People ex rel. Doscher* v. *Sisson*, 222 id. 387; *Plummer* v. *Murray*, 51 Barb. 201; *President, etc., of Waterford & Whitehall Turnpike* v. *People*, 9 Barb. 161; *People* v. *Aichinson*, 7 How. Pr. 241; *Mulalley* v. *Mayor*, 3 Hun, 661.) Statutes in *pari materia* are those which relate to the same person or thing or the same class of persons or things. (See cases cited in preceding paragraph.) In *Plummer* v. *Murray* (*supra*) it is said: " The words ' in *pari materia* ' are used as a phrase applicable to public statutes or general laws made at different times and in reference to the same subject." Section 79 of the charter of the village of Watkins Glen declares such special act to be a public act; therefore, both statutes being public acts relating to the same subject, are in *pari materia*. (See *Trustees of Village of Bath* v. *McBride*, 163 App. Div. 714; revd. on another point, 219 N. Y. 92; *Matter of Board of Health*, 43 App. Div. 236.) In the absence of any provision of the village charter as to the eligibility of voters on the proposition in question, the provisions of subdivision 2 of section 41 of the Village Law apply. It follows that persons were permitted to vote at the special election who were not possessed of the requisite qualifications and that the inclusion of such votes was sufficient to affect the result. The complaint, therefore, states a cause of action. The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint should be denied, with ten dollars costs. Heffernan, J., concurs.