James R. Bramley and Others, Respondents, v. Thomas W. Miller and Others, Acting as a Board of Education of Central School District Number Two of the Towns of Andes, Delhi and Bovina, County of Delaware, New York, and Others, Appellants.

Third Department, January 9, 1936.

*Charles B. Johnson* [*Flaesch & Latham, Charles C. Flaesch* of counsel], for the appellant Board of Education.

*Ernest E. Cole* [*Charles A. Brind, Jr.,* of counsel], for the appellant Frank P. Graves, as Commissioner of Education of the State of New York.

*Frederick W. Youmans* [*Hamilton J. Hewitt* of counsel], for the respondents.

Hill, P. J. Appeal by defendants from a final judgment which determines that all the proceedings had after the order of the Commissioner of Education, made October 5, 1933, in connection with the organization of a rural central school district are void.

This case has been before us on an earlier appeal (243 App. Div. 220) from an order dismissing plaintiffs' complaint on the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that the controversy already had been decided by a competent tribunal. The complaint challenges upon two grounds the validity of the proceedings under which the organization of a central rural school district was attempted: (1) That the request for the meeting whereat the taxable inhabitants of the proposed district were to vote as to the formation of the district was not signed by the requisite number of taxable inhabitants as required by the Education Law (§ 181); and (2) that notice for the meeting was not posted, as required by statute, in one of the towns in which a part of the district was located. We then decided that although school districts are not included in section 51 of the General Municipal Law, and that an action for waste was not maintainable against the officials of such a municipality (*Brooks* v. *Wyman*, 246 N. Y. 534), this action was properly brought as the alleged illegality affected the formation of the district (*Gwynne* v. *Board of Education*, 259 N. Y. 191), and further, that as plaintiffs' property rights were directly involved, they were not bound by a decision earlier made by the Commissioner of Education in a proceeding involving the formation of this district, to which they were not parties. (*Gwynne* v. *Board of Education, supra.*)

The case has now been tried and the plaintiffs have judgment. It was found by the trial court that no part of the proposed district was in the town of Colchester and, of course, that the posting of notices in that town was not required. The evidence sustains this finding and no appeal has been taken by the plaintiffs.

The judgment rests solely upon the failure to comply with that portion of the statute (§ 181) which requires that a meeting of the inhabitants of the district shall be called " whenever fifteen persons who are residents and taxable inhabitants in any such district shall unite in a request for a meeting of the inhabitants of such district to determine whether such school shall be established." There is no dispute as to the facts on this issue. The request for the meeting was signed by sixteen persons, only fourteen being residents and taxable inhabitants. Austin Ingram, one of the signers, had purchased a farm on a contract. In 1931 the vendor in the contract deeded the farm to Mrs. Ingram. Ingram was not a taxable inhabitant of the district, his wife was. He signed the request, his wife did not. Jennie McCune, a signer, concededly was not a taxable inhabitant of the district. The request filed in the offices of the clerks of the towns of Andes and Bovina contained the signatures of the fourteen taxable inhabitants. The request

filed in the town of Delhi contained the names of only thirteen taxable inhabitants. The omission of one of the names from the request filed in Delhi was the subject of the following finding, " that the omission of the name of Charles B. Johnson from said petition, filed in the office of the Town Clerk of the Town of Delhi was caused by inadvertence."

It is not asserted that this district has gained the right to function as a *de facto* corporation through plaintiffs' delay in seeking relief. The facts in *Jarl Co.* v. *Village of Croton-on-Hudson* (258 N. Y. 303) are not similar to those in this case. There the signatures to the petition were the only means by which the voters and taxpayers could, under the statute, express an effective choice as to the annexation to the village of the territory where they lived. The general import of the language used in the opinion in the *Jarl* case, and the citations and discussions contained therein make it an authority to be considered here. It is stated in that opinion that " color of compliance with the statute does not suffice, however, if user has not followed. This is the law for private corporations. * * * It is the law for public corporations also." In *Emery* v. *De Peyster* (77 App. Div. 65) a certificate of incorporation was filed with the Secretary of State but not in the office of the clerk of the county. It was held to be a fatal omission. In *Card* v. *Moore* (68 App. Div. 327; affd., 173 N. Y. 598) it was decided that the statutory requirement that the directors of the corporation prepare a certificate setting forth a copy of the articles of association, the names and residences of the subscribers, the amount of stock taken by each, the amount actually paid for in cash, and other information, and the filing of such certificate with the Secretary of State and in the office of the town clerk, was a condition precedent to the formation of the corporation, and that the filing of the certificate with the town clerk but not with the Secretary of State was an omission that invalidated the attempt at incorporation. In *Village of Lynbrook* v. *Cadoo* (252 N. Y. 308) the defendant, sued by the village, defended upon the ground that there had been a shortage of a single day in publishing the notice to enlarge the village limits. The defense was interposed five years after the annexation, during which time the defendant had not objected to the payment of taxes. In the opinion in the *Jarl* case it is stated in discussing the *Cadoo* decision (p. 309): " We held that the objection came too late. Whether capacity to avoid the annexation would have belonged to the objecting owner if the challenge had been timely, there was no occasion to determine. The opinion is, however, instinct with the assumption that his standing would have been recognized if objection had been prompt."

The Legislature, with praiseworthy sentiment to improve the State educational system, has granted great powers to the State Education Department and to its officers, agents and representatives. Each grant has represented a corresponding curtailment of the prerogatives and rights of residents and taxpayers within the individual school district. Courts are not concerned with the wisdom of thus centralizing power. They may only hope that it will prove beneficial. Courts are concerned in preserving inviolate such prerogatives as may still remain to local inhabitants and taxpayers who, seeing the practical results of the new theories advanced and put in effect, possibly are best qualified to evaluate the improvement as against the cost in money and loss of self-government. If fourteen taxable inhabitants are a sufficient number to sign the request when the Legislature has said the number shall be fifteen, could it then be said that ten or two taxable inhabitants would be sufficient?

The judgment should be affirmed, with costs.

RHODES and McNAMEE, JJ., concur; CRAPSER, J., dissents and votes to reverse the judgment appealed from on the ground that under the decision of *Salducco* v. *Etkin* (268 N. Y. 606) there was a substantial compliance with the statute; BLISS, J., dissents, with a memorandum.

BLISS, J. (dissenting). It is proposed to affirm the judgment below solely because of the alleged failure to comply with that portion of section 181 of the Education Law which requires that a meeting of the inhabitants of the proposed central district shall be called " whenever fifteen persons who are residents and taxable inhabitants in any such district shall unite in a request for a meeting of the inhabitants of such district to determine whether such school shall be established." The request for the meeting was actually signed by sixteen residents of the district and was regular upon its face. The town clerk of the town of Andes proceeded to call the meeting. Each of the plaintiffs had actual notice of the meeting and each failed to attend or object to the sufficiency of the request. Not one of them made any protest or objection either to any one of the town clerks with whom the request had been filed or at the meeting. The meeting was largely attended. The result was a fair expression of the will of the qualified voters of the district. A board of education was elected and the school district organized. Had any one of these plaintiffs either at or before the taking of the vote made an objection to the sufficiency of the request the alleged mistake could have been easily remedied. In

view of the silence of the plaintiffs before the taking of the vote they should not be heard now to complain when the result was adverse to them. There was a substantial compliance with the statute and a fair expression of the will of the voters of the district. (*Salducco* v. *Etkin*, 268 N. Y. 606.)

In addition thereto it is provided by section 200 of the Education Law that the proceedings of no district meeting, annual or special, shall be held illegal for want of a due notice to all of the persons qualified to vote thereat, unless it shall appear that the omission to give such notice was willful and fraudulent. There is no allegation or proof herein of any willful or fraudulent omission.

These plaintiffs have no vested prerogatives or rights to the continuance by the State of common school districts or which prevent the establishment by the State of central rural school districts in the place of such common school districts. (*Gardner* v. *Ginther*, 232 App. Div. 296; *Brown* v. *Bunselmeyer*, 101 Misc. 625.) There being no such prerogatives or vested rights the courts should not strain in an attempt to create some. While the opinion for affirmance speaks of preserving inviolate " such prerogatives as may still remain to local inhabitants and taxpayers " it mentions no prerogatives which are being here infringed. It speaks of such local inhabitants and taxpayers seeing the practical results of new theories advanced and put into effect and that they possibly are best qualified to evaluate such improvements as against the cost in money and loss in self-government. Such argument appears of no effect in the instant case for these very plaintiffs with notice of the meeting failed to attend and express their will and the courts should not be unduly anxious to preserve inviolate the " prerogatives " of those who themselves do not consider such " prerogatives " worthy of exercise.

The judgment below should be reversed and the complaint dismissed.

Judgment affirmed, with costs.