Henry Epstein, J.
Petitioners here filed a complaint (Executive Law, § 298) with the New York State Commission Against Discrimination alleging a conspiracy between the Mayor of the City of New York and four Councilmen from the Borough of Manhattan to elect only a member of the Negro race to the office of President of the Borough of Manhattan. The State Commission dismissed the complaint for lack of jurisdiction in that the elective office of Borough President of Manhattan does not constitute employment within the terms of the law against discrimination.
This is an article 78 (Civ. Prac. Act) proceeding to annul the determination of the commission and to order the commission to take jurisdiction.
The President of the Borough of Manhattan is an elected official and as such his right to hold office cannot be collaterally attacked in the manner herein attempted by the petitioner. Indirect attacks upon the right to hold public office have been disallowed on many occasions (People ex rel. Cornell v. Knox, 38 Hun 236; Greene v. Knox, 76 App. Div. 405, affd. 175 N. Y. 432; Matter of Ahern v. Board of Supervisors, 7 A D 2d 538, 544). The proper action is one in the nature of quo warranto brought by the Attorney-General on behalf of the People of this State.
The determination of the commission has a proper foundation in law and is not arbitrary or capricious. The petition is dismissed.