Robert W. Sloan, J.
By decision dated April 13, 1965 (45 Mise 2d 940), we found the apportionment of the members of the Common Council of the City of Binghamton in violation of the Fourteenth Amendment of the Federal Constitution and section 11 of article I of the New York State Constitution and retained jurisdiction of the action so that we might, on application, review any apportionment plan adopted by local law.
The Common Council has since adopted Local Law No. 1 of 1965 which divides the City of Binghamton into Councilmanie Districts, the boundaries of which follow the former ward ■boundaries because, it is claimed, the ward boundaries follow natural geographic divisions which should not be disturbed. Of course 6 of the 13 wards have been incorporated in the 7 Councilmanie Districts.
The population of the Councilmanie Districts based on the 1960 Federal census, and the population claimed by the Common Council, differ materially. These are as follows:

*291 The plaintiffs and the intervenors attack Local Law No. 1 of 1965 on a variety of technical grounds arid the defendants oppose the motions on technical grounds, but the issue to be decided is the constitutionality of the proposed 7 Councilmanic Districts. It was for the purpose of reviewing any such local law that we retained jurisdiction of the action, and we will proceed to do so.
The Common Council justifies its adoption of the figures above indicated by excluding 3,217 persons who were enumerated in the 1960 Federal census as residents of the Binghamton State Hospital and by estimates of the increase and decrease of population in the various wards since 1960 as a result of population shifts due to State highway programs in the city and the projected effect of the urban renewal projects. We cannot accept the figures resulting from either of these efforts.
Residents in or at the Binghamton State Hospital are a part of the population and may not be eliminated from former Ward No. 12 and proposed Councilmanic District No. 7, or the total population of the City of Binghamton. The approximations of increase and decrease of population by reason of population movement and other factors are at best estimates and are not to be accepted in lieu of the Federal census. With a Federal census available we know of no instance in which a court has been called upon to otherwise determine population as a question of fact, nor may the Common Council of the City of Binghamton, however sincere its purpose, determine the question for us.
Among the papers handed us on these motions is a certified and attested certificate of the United States Department of Commerce, Bureau of Census, which shows that on April 1,1960 the population of the City of Binghamton was 75,941 and the population of old Wards No. 12 and No. 13 was 10,817 and 4,991 respectively. These now comprise the proposed Councilmanic District No. 7 with a population of 15,808. Old Ward No. 6, which is identical with proposed Councilmanic District No. 6, is shown to have a population of 7,863. Other unjustifiable discrepencies of population exist between the proposed Council-manic Districts, but that between Districts No. 6 and No. 7 is the more serious.
Section 11 of the former Optional City Government Law (Plan F) (L. 1914, ch. 444), which was, when repealed, “ frozen ” as to city governments adopted under its authority (L. 1939, ch. 765), of which the City of Binghamton was one, provides as follows: “Number of inhabitants of a city, how determined. For the purposes of this act the number of inhabitants of a city shall be deemed to be the number as ascertained by the latest state census or United States census, whichever shall be later.”
*292 CPLB 4530, subd. (b) provides: “ (b) Conclusive evidence. Where the population of the state or a subdivision, or a portion of a subdivision of the state is required to be determined according to the federal or state census or enumeration last preceding a particular time, a certificate of the officer in charge of the census of the United States, attested by the United States secretary of commerce, as to such population as shown by such federal census, or a certificate of the secretary of state as to such population as shown by such state enumeration, is conclusive evidence of such population.”
In any instance in which population is to be determined the latest United States census is the only authorized basis for computation. (Alternative County Government Law, § 4, subd. 8; Alcoholic Beverage Control Law, § 3, subd. 23; Village Home Buie Law, § 2, subd. [1]; General Construction Law, § 37-b, subd. 1; N. T. Const., art. Ill, § 4; 2 McQuillin, Municipal Corporations [3d ed.], § 4.76, pp. 127-128.)
Local Law No. 1 for the year 1965 attempts to establish 7 Councilmanic Districts on a geographic basis, and subordinates population as a primary consideration, and, therefore, does not meet constitutional requirements. (Reynolds v. Sims, 377 U. S. 533, and companion cases.)
The importance of immediate decision discourages effort on our part to discuss other interesting questions raised and ably presented by counsel and in the view we take such discussion is not necessary.