Robert W. Sloan, J.
The plaintiffs’ motion seeks, in effect, an amendment of the judgment which found the existing method of apportionment of the Common Council of the City of Binghamton in violation of the Federal and New York State Constitutions, and directed that “no election of Councilmen shall hereafter be had pursuant to the existing or any other unconstitutional apportionment plan;”. (Seaman v. Fedourich, 45 Misc 2d 940.) An abortive effort was made to comply (Seaman v. Fedourich, 46 Misc 2d 289, affd. 23 A D 2d 968, affd. 16 N Y 2d 94), and insufficient time remains to submit and adopt a constitutionally sound districting plan before the 1965 election, at which 6 of the 13 Councilmen must be elected if the city government is to continue efficiently and without interruption. All parties agree that the judgment must be amended and that the need for immediate solution of the problem is imperative. They differ only as to what that solution may or should be.
The term of office of 6 City Councilmen expires December 31, 1965. The term of office of the other 7 Councilmen, 4 of which are the intervenors here, expires December 31, 1967.
The plaintiffs urge, in part, that 6 Councilmen be elected in 1965 whose term will expire December 31, 1966, and that the term of the 7 incumbent Councilmen be reduced from four to three years so as to expire on the same date. The defendants and intervenors say that we may not do this and we agree. True, the districting plan under which the incumbent Councilmen were elected is unconstitutional and any election held under it is illegal. However, the judgment in the action which leads to this reasoning only determined the constitutionality of the districting plan and did not, and, perhaps could not, question their right to serve their full term as elected Councilmen. They are de facto Councilmen and may not be removed except in a proper proceeding directed to that end. (Matter of Sherrill v. O’Brien, 188 N. Y. 185, 212; Seavey v. Van Hatten, 276 App. *28 Div. 260; Matter of Schick v. Impellitteri, 122 N. Y. S. 2d 729, affd. 282 App. Div. 663; Matter of Association for Preservation of Freedom of Choice v. Dudley, 29 Misc 2d 710; 67 C. J. S., Officers, § 74; 64 A. L. R 530; 158 A. L. R. 525.) We may not accomplish this proscribed result by reducing the term of office in this collateral matter.
The defendants and the intervenors urge that 6 Councilmen be elected under the condemned districting plan in 1965, for a two-year term, and thus the term of office of all Councilmen will expire on December 31, 1967. We may not, however, approve any election under a districting plan which violates our State Constitution. (Glinski v. Lomenzo, 16 N Y 2d 27.) In this dilemma we turn reluctantly but of necessity to weighted voting; but only as an expedient to insure the continuation of government in the City of Binghamton until a constitutional districting plan is adopted. The weighting of a Councilman’s vote is a form of redistricting which will give constitutional validity to the condemned districting plan because it satisfies the constitutional test of equal representation. (Thigpen v. Meyers, 231 F. Supp. 938; Shilbury v. Board of Supervisors of County of Sullivan, 46 Misc 2d 837.) Assuming the validity of this premise, we may provide for the election of Councilmen to a Common Council in which weighted voting procedure is followed.
Accordingly, we direct that judgment be entered:
1. Directing that the decretal provisions numbered “ 3 ” and “4” of the judgment directed April 13, 1965 (Seaman v. Fedourich, 45 Misc 2d 940) be deleted;
2. Directing that at the 1965 elections, successors be chosen to Councilmen representing the First, Third, Fourth, Fifth, Sixth and Twelfth Wards of the City of Binghamton in the Binghamton City Council, in the usual manner with each ward electing a Councilman;
3. Directing, that the terms of office of the Councilmen so chosen at the 1965 elections shall expire on the 31st day of December, 1967;
4. Directing that commencing on January 1, 1966, and continuing until a constitutionally acceptable method of districting becomes effective, the Councilmen of each of the 13 wards of the City of Binghamton, and any successor chosen to complete his term of office, shall be entitled during his term of office to cast at the meetings and proceedings of the Common Council of the City of Binghamton, New York, a number of votes which shall be equal to 1 vote for each 500 or major part of 500, of the number of inhabitants of the ward from which he has been elected, as determined by the latest Federal Census covering all *29 wards in the city, except that no Councilman shall have less than 1 vote;
5. Providing that on and after June 1, 1966, no election of Councilmen shall be held pursuant to the existing or any other unconstitutional districting plan;
6. Directing that on or before April 1, 1966, by whatever legal method they wish to follow, the Common Council of the City of Binghamton shall adopt and submit to this court for approval a districting plan, which, in good faith, is intended to meet constitutional requirements of equal representation; and
7. Providing that this court retains jurisdiction of this action and will entertain an application by any of the parties for a review of any districting plan adopted or enacted as a local law by the Common Council of the City of Binghamton, and for such other and further relief as shall be just and proper.