Robert W. Sloan, J.
The defendants, the Common Council and Mayor of the City of Binghamton, seek a judicial declaration that Local Law No. 5 for the year 1966, is in full compliance with our decision of July 22,1965 (Seaman v. Fedourich, 47 Misc 2d 26) and presents a districting plan which meets constitutional requirements of equal representation. The plaintiffs join in the prayer for approval.
The local law, if and when adopted by public referendum, creates nine councilmanic districts with a councilman to be elected from each district at the primary and general elections held in 1967, to take office January 1, 1968 for a term of four years.
The City of Binghamton has a population of 75,941 (1960 Federal census), and the mean figure for each of the nine council-manic districts is 8,438. The population of each district and the deviation from this norm under Local Law No. 5 is as follows:
Councilmanic
Districts Total Population Deviation First ........ ......... 8,369 - .82% Second ...... ......... 8,831 +4.66% Third........ ......... 8,110 -3.89% Fourth ...... ......... 8,252 -2.2% Fifth........ ......... 8,586 +1.75% Sixth........ ......... 8,290 -1.75% Seventh .... ......... 8,831 +4.66% Eighth....... ......... 8,624 +2.2% Ninth ....... ......... 8,048 -4.62%
From the table set forth above it is clear that the deviation from the representational norm is less than 5% in each district; that the weight of representation enjoyed by an inhabitant of the least populous of the proposed districts (Ninth District, population 8,048) is less than 10% greater than that of an inhabitant of the most populous (Second and Seventh Districts, *875 8,831 each) with a population variance ratio of 1.097 : 1; that it will take the votes from districts having at least 54.08% of the population (First, Third, Fourth, Sixth and Ninth Districts) to elect a majority of the councilmen, and thus legislation either adopted or defeated by the Common Council will truly represent the will of a majority of the populace expressed through the votes of their elected representatives.
The population deviations we point to are substantially justified by the deviations in population and shape of the census enumeration districts used, of necessity, in the formation of the proposed districts, and the proper use, in this instance, of well-known geographic monuments as the boundaries thereof. In any event, the deviations are minimal and well within constitutional requirements of equal representation.
We find that the defendants have fully complied with our order, and that Local Law No. 5 meets all requirements of equal representation under the New York State and Federal Constitutions and is free from any taint of arbitrariness or discrimination.
We retain jurisdiction of this action and will entertain an application by any party for such other and further relief as shall be just and proper.