■ EDWIN C. STOKES et al., Appellants, v VILLAGE OF WURTSBORO, Respondent.—Main, J. P. Appeal from that part of an order of the Supreme Court at Special Term (Williams, J.), entered October 26, 1984 in Sullivan County, which, upon reargument, declared that the Board of Trustees of the Village of Wurtsboro has been illegally constituted but that said Board existed de facto and its acts were therefore valid and lawful.

Apparently disenchanted because certain officials of the Village of Wurtsboro instituted proceedings to shut off the water supply to a house owned by plaintiffs after determining that the house was both illegally occupied and unsafe, plaintiffs commenced this action-proceeding seeking a judgment declaring, *inter alia,* that certain ordinances adopted by the Village Board of Trustees were illegal and, therefore, unenforceable. Their cause was based upon the fact that Village Law § 3-301 provides that a village board shall be comprised of a Mayor and four Trustees, while the Village in this case has a Mayor and only two Trustees. Village Law § 3-304 permits the number of Trustees to be changed and reduced by resolution or local law subject to a permissive referendum. Village Law § 4-402 (b) and (c) provide that the Village Clerk shall keep a record of the Board's proceedings as well as a record of all Village resolutions, ordinances and local laws. While the Village contends that a resolution reducing the number of Trustees was passed, a search of the records and minutes of the Clerk fails to indicate that any such resolution was passed, nor does it reveal the resolution itself. Hence, contend plaintiffs, the Board was illegally constituted and any acts taken by it were illegal and of no force or effect.

Initially, Special Term concluded in its decision that there was no authorization for the reduced number of Board members, that the Board was illegally constituted and that "all

such acts passed by the board acting as a three-man board were null and void". However, prior to signing an order, Special Term granted reargument and, thereafter, without rendering an amended decision, signed an order declaring that the Board was illegally constituted and ordered the Village to, before the 1985 general election, "adopt such measures as may be necessary to lawfully constitute its Village Board at three or five members as it may see fit". Special Term went on to declare the Board to be the de facto Board of the Village and its acts to be valid and lawful and entitled to be enforced.

Plaintiffs appeal from those portions of the order granting de facto status to the Board and declaring that its acts are valid and lawful acts entitled to enforcement. Plaintiffs also contend that Special Term erred in that it never issued a new decision on which the order was based and that it was required to sign the order that they presented which was in accordance with the written decision. Before discussing the issues thus raised, we first address the Village's contention that, since the Board is now legally constituted as a result of the 1985 elections, the appeal should be dismissed as moot. We cannot wholly agree, even though the time for compliance with the order has come and gone and the Board is now legally constituted. The issue as to the validity of the ordinances remains, and since those issues are not insubstantial, are a matter of public concern and are likely to be repeated among other members of the public, the appeal should not be dismissed because of mootness (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). However, since the building code challenged by plaintiffs in their fifth cause of action is no longer applicable (L 1981, ch 707, § 1, eff Jan. 1, 1984 [New York State Uniform Fire Prevention and Building Code Act]), that issue is moot.

Turning now to the issues raised by plaintiffs and, firstly, to the recognition of de facto status by Special Term: "The doctrine of de facto municipal corporations is generally recognized in the United States. The doctrine is that where there is authority in law for a municipal corporation, the organization of the people of a given territory as such a corporation under color of delegated authority, followed by a user in good faith of the governmental powers incidental thereto, will be recognized by the law as a municipal corporation de facto, wherever through failure to comply with statutory requirements the corporation cannot be said to exist de jure. The essentials of a de facto municipal corporation are often stated to be a valid statute authorizing incorporation, an organization in

good faith under such statute, a colorable compliance with such statute, and an assumption of corporate powers." (56 Am Jur 2d, Municipal Corporations, § 34, at 98.)

That the essentials for the doctrine's recognition are here present is not denied. There is a valid statute authorizing incorporation, organization in good faith under the statute, colorable compliance and an assumption of corporate powers. While generally recognized, the doctrine has been specifically recognized in New York and has been utilized in the area of municipal corporations to give corporate status to a defectively incorporated municipality (see, *Jarl Co. v Village of Croton-on-Hudson,* 258 NY 303; *see also, Gwynne v Board of Educ.,* 259 NY 191). The doctrine has been extended to an officer or officers of a municipal corporation (62 CJS, Municipal Corporations, § 493, at 934; *cf. Seaman v Fedourich,* 47 Misc 2d 26, *affd* 23 AD2d 968). Since all of the essentials for its use are satisfied, application of the doctrine was proper and ordinances passed by the de facto Board were valid. Contrary to their assertion, *Matter of Town of Smithtown v Howell* (31 NY2d 365) affords no refuge or relief to plaintiffs, for in that case a lesser number of Commissioners was not permitted. At bar the Village Law permits a reduction in the number of Trustees.

Lastly, we find no merit to plaintiffs' argument that Special Term's order is ineffective because it was unsupported by a decision. Reargument was granted and the parties were heard. The court made its finding in the original decision and those remain and that decision is before us. The change was limited to the relief granted and, in our view, does not require remittal.

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.