JAMES R. BRAMLEY and Others, Appellants, *v.* THOMAS W. MILLER and Others, Acting as a Board of Education of Central School District Number Two of the Towns of Andes, Delhi and Bovina, County of Delaware, New York, and Others, Respondents.

Third Department, January 16, 1935.

*Frederick W. Youmans,* for the appellants.

*Charles B. Johnson,* for the respondents Board of Education and Town Clerk, town of Andes.

*Ernest E. Cole* [*Charles A. Brind, Jr.,* of counsel], for the respondent Commissioner of Education.

HILL, P. J.   This is an appeal from an order dismissing plaintiffs' complaint " upon all of the grounds stated in the notice of motion " and from the judgment entered thereon.   The notice of motion is somewhat inartificially drawn.   The written arguments discuss the following grounds for dismissal: That the complaint does not

state facts sufficient to constitute a cause of action and that the controversy already has been decided by a competent tribunal. The gravamen of the action is that defendants purport to act as officials of a *de facto* central school district in the organization of which the requirements of law were not observed. The relief sought is a declaratory judgment as to the right of the defendants to issue bonds and levy taxes which would be liens upon plaintiffs' property located within the area.

The Commissioner of Education is authorized to lay out school districts conveniently located for the attendance of scholars and of suitable size for the establishment of central schools. The statute (Education Law, § 180) permits the Commissioner to take this initial step to organize a central school district without the request, approval or even the consent of any inhabitant or taxpayer within the area. However, before a school is organized in a district so laid out, a meeting of the inhabitants of the area is required. It is to be held after fifteen persons who are residents and taxable inhabitants have united in a written request therefor filed with the clerk of the town in which the proposed district is located, and if it be located in more than one town, the request is to be filed with each clerk. It is the duty of each town clerk to post a notice of the meeting in three conspicuous places in the area situated in his town. The notice is to be prepared by the clerk of the town containing the largest portion of the territory, and to be furnished by him to the other town clerk or clerks to be posted. (Education Law, § 181.) The meeting so called is to be organized by the election of a chairman and clerk and may be adjourned from time to time, but " whenever at any such meeting duly called and held under the provisions of this act fifteen qualified voters of the district shall be present, such meeting may, by an affirmative vote of a majority present and voting, adopt a resolution to establish a central school in said district. 2. The Commissioner of Education shall designate the district *thus organized* as central school district number          of the town or towns of (adding the designation aforesaid)." (Education Law, § 182.) The laying out of the boundaries of the proposed district by the Commissioner (§ 180) is but one of the steps in the organization of a central school district. His fiat fixes the boundaries of the area. The qualified voters residing therein may adopt or reject a resolution to establish a central school (§ 182). Upon an affirmative vote, the Commissioner is to give a name and number to " the district thus organized " (§ 182, subd. 2).

Plaintiffs' complaint alleges, among other things, that the meeting of the voters was not called as required by section 181; that

fifteen residents and taxable inhabitants in the district had not united in a request therefor and that no notice had been posted in the town of Colchester, one of the towns in which a part of the proposed district was located. A landowner may maintain an action against the board of education of a *de facto* central school district for a declaratory judgment as to the legality of a proposed issue of bonds or the levy of a proposed tax which will become liens upon his property when the necessary legal proceedings were not had in connection with the organization of the school district and he has proceeded with due`diligence. (*Gwynne* v. *Board of Education,* 259 N. Y. 191, 198; *Sanders* v. *Village of Yonkers,* 63 id. 489; *Clark* v. *Davenport,* 95 id. 477.) His property rights are affected directly rather than incidentally and he may assert them in court. (*Bullock* v. *Cooley,* 225 N. Y. 566, 578.) The organization of the school district is invalid if the request for the meeting of the voters at which the resolution was adopted was not " signed in accordance with the statute." (*Jarl Co.* v. *Village of Croton-on-Hudson,* 258 N. Y. 303, 307.) A decision by the Commissioner of Education on an appeal to which plaintiffs were not parties is not binding upon them. (*Gwynne* v. *Board of Education, supra.*) It is a common-law right to set up lack of compliance with the statute in the organization of a municipal corporation. (*Gwynne* v. *Board of Education, supra; Village of Lynbrook* v. *Cadoo,* 252 N. Y. 308.) This action is not brought under the provisions of section 51 of the General Municipal Law, and *Hamilton* v. *Baker* (243 N. Y. 578) and *Brooks* v. *Wyman* (246 id. 534) do not apply. The complaint states a cause of action and the decision of the Commissioner of Education is not binding upon plaintiffs.

An order denying a motion for an injunction *pendente lite* is printed in the record, as is the opinion of the justice who denied that motion. The appeal is taken only from the order directing the judgment dismissing the complaint and the judgment entered thereon. It states that the appellants " will bring up for review all issues raised in said action." The order denying the injunction is not reviewable on this appeal as it does not necessarily affect the final judgment and order appealed from and is not specified in the notice of appeal. (Civ. Prac. Act, § 580; *Bolles* v. *Scheer,* 225 N. Y. 118.)

The order should be reversed on the law, with costs.

RHODES, McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Order and judgment reversed on the law, with costs.