JOAN S. BAKER, Appellant, v. SETH H. BAKER, Respondent.

First Department, October 26, 1954.

David J. Landau of counsel (*Frederick E. M. Ballon,* attorney), for appellant.

*Milton E. Mermelstein* of counsel (*Harry Balterman* with him on the brief; *Gordon, Brady, Caffrey & Keller,* attorneys), for respondent.

*Per Curiam. Hollister* v. *Hollister* (288 N. Y. 528) on which the Special Term and respondent rely is clearly distinguishable. In the *Hollister* case, upon a trial, the plaintiff wife therein had procured a judgment of separation against the defendant husband and accordingly did not need a declaratory judgment that she was the wife of the defendant therein. In the case before us, not only had there been no trial when the motion to dismiss the first and second causes of action for a declaratory judgment was granted, but that motion was granted on the *amended* complaint before defendant had answered; and, therefore, before any issues had been raised. Conceivably at trial plaintiff could have her complaint dismissed for failure to prove the *acts* relied on: viz., abandonment and nonsupport; and such determination would not necessarily in and of itself determine the validity of the marriage, but plaintiff's complaint nevertheless would be dismissed. In *Karameros* v. *Luther* (279 N. Y. 87, 92) in an action by a husband for annulment of the marriage in which a prior judgment in a separation action brought by the wife was urged as a defense, the court held: " The decree in the action for separation, being based on a dismissal of the action because of failure to prove the acts relied on for a separation, there was no necessity for any determination of the validity of the marriage. The latter is the basis of this action." (Cf. Civ. Prac. Act, § 482.)

On the record before us, plaintiff's first and second causes of action for declaratory judgment should not have been dismissed.

The order appealed from should be reversed and defendant's motion denied, with costs to plaintiff-appellant.

Dore, J. P., Cohn, Callahan, Breitel and Botein, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied.