ROBERT W. JOHNSON, Plaintiff, *v.* FREDERICK W. PARSONS, JR., et al., Individually and as Members of the Board of Education of the City School District of Corning, et al., Defendants.

F. LOUIS JANOWSKY, Plaintiff, *v.* FREDERICK W. PARSONS, JR., et al., Individually and as Members of the Board of Education of the City School District of Corning, et al., Defendants.

Supreme Court, Special Term, Steuben County, December 7, 1954.

*Welch & Welch* for plaintiffs.

*W. Earle Costello* and *Lewis C. Ryan* for defendants.

WITMER, J. The plaintiff in each of these companion actions has sued the board of education of the city school district of Corning and has asked the court to render a declaratory judgment determining that the consolidated school district which the Commissioner of Education of the State of New York ordered established on July 1, 1954, in and about Corning was illegally created, that the order is void, and that no such district exists in law, and enjoining the defendants from acting in behalf of said district and from assessing and taxing the property of either plaintiff in said district. It is alleged that by said order the Commissioner of Education consolidated sixty-one school districts with city school district No. 9 of Corning, and that said districts lie in seven townships and three counties and embrace an area of over 400 square miles, being approximately twenty miles square. The plaintiffs found their complaints upon two basic claims, to wit, (1) that the consolidation was not made in accordance with the statute (Education Law, § 1526) providing therefor and (2) that in any event the statute under which this consolidation was made is unconstitutional. With respect to the first claim the plaintiffs contend that the election upon which the commissioner based his order of consolidation was illegal because former school district No. 13 of the City of Corning was a city school district as defined by subdivision 16 of section 2 of the Education Law, and hence that the law (Education Law, §§ 2603–2606) required that it be divided into school districts, that elections be held in schoolhouses and that all voters therein be duly registered before the day of an election, and it is alleged

that the election on the proposition of the consolidation was held in the State armory and that the voters of school district No. 13 had not been registered as provided by law, and it is *inferred* that some of them voted, thereby illegally affecting the result of the election. With respect to the second claim above, the plaintiffs contend (1) that the statute does not authorize the voters of school district No. 9, with which the surrounding area is consolidated, to vote and they were not permitted to vote, and that they were thus denied equal protection under the law, to their detriment and the detriment of the plaintiffs, and (2) that said statute does not establish suitable standards as guides to the Commissioner of Education, and it constitutes an unlawful delegation of the powers and duties of the Legislature.

The defendants have moved to dismiss the complaints upon three grounds, to wit, (1) that the court lacks jurisdiction (2) that the plaintiffs lack legal capacity to sue and (3) that the complaints fail to state facts sufficient to constitute a cause of action. Strictly speaking these motions are directed at different aspects of the complaints. We shall consider them in order.

One of the plaintiffs' principal objections to the creation of the new district is that the election which was had to organize it, they claim, was illegal. Section 2037 of the Education Law provides: "*Determination of meeting or election disputes. All disputes concerning* the validity of any district meeting or election or of any of the acts of the officers of *such meeting or election shall be referred to the commissioner of education for determination* and his decisions in the matter shall be final and not subject to review. The commissioner may in his discretion order a new meeting or election." (Emphasis supplied.) Thus the statute places in the hands of the Commissioner of Education for determination the very question which the plaintiffs are asking this court to determine, namely, the validity of said school election. Moreover the court is asked to make such determination in an action to which the Commissioner of Education has not been made a party.

The quoted section means precisely what it says, and this court does not have jurisdiction, in these actions at any rate (see *Matter of Beam* v. *Wilson,* 279 App. Div. 277), to review the determination, formal or implied, of the Commissioner of Education, that the election complained of was valid. (*Finley* v. *Spaulding,* 274 App. Div. 522; *Matter of Gray,* 133 N. Y. S. 2d 838.) In the *Finley* case (*supra,* p. 526) the court said with respect to section 2037 (then § 1735) of the Education Law:

" The very purpose of this law is to settle expeditiously and permanently election issues in order that the children of the area involved will receive uninterrupted educational facilities. * * * In our opinion the Supreme Court has no jurisdiction to decide the controversy; that duty is cast upon the Commissioner of Education. In view of our conclusion it is neither necessary nor proper to pass upon the question as to whether the proposition was adopted or rejected."

Plaintiffs place reliance upon the decision of *Gwynne* v. *Board of Educ. of Union Free School Dist. No. 3, Town of Huntington* (259 N. Y. 191, 197, *et seq*.), as authority for this court to assume jurisdiction. In that case, however, the question of the validity of an election was not before the court, and in considering whether or not it had jurisdiction the court noted that the Commissioner of Education had acted under section 890 of the Education Law (now § 310). That section contemplates alternative courses of action, one of which is that a person " aggrieved *may* appeal or petition to the commissioner of education ". (Emphasis supplied.) The court sustained plaintiff's action. (See, also, *Matter of Ross* v. *Wilson*, 284 App. Div. 522, 526, and *Bullock* v. *Cooley*, 225 N. Y. 566, 575–578.) In the case at bar, however, the applicable statute (Education Law, § 2037) above quoted, is unequivocal and mandatory, as held in *Finley* v. *Spaulding* (*supra*).

Plaintiffs also rely upon *Bramley* v. *Miller* (243 App. Div. 220), which, like the *Finley* case (*supra*), was decided by the Appellate Division of the Third Department. It does not appear that section 2037 of the Education Law, or its predecessor, section 1735 thereof, was brought to the attention of the court in the *Bramley* case, and that case was not referred to in the *Finley* case.

In the *Bramley* case (*supra*), the board of education were made defendants, whereas they were not in the *Finley* case (*supra*), but that difference should not be decisive, for if it were the rights of the parties would be dependent upon the form of the action rather than the substance thereof. If the Supreme Court has no jurisdiction to determine the validity of a school election in a declaratory judgment action to which the Commissioner of Education is a party, it is difficult to perceive how it can have jurisdiction to determine that question in a taxpayers' action against a board of education. In passing it is noted that after trial, the complaint was dismissed in the *Bramley* case (270 N. Y. 307).

In concluding discussion of this point in the instant case, and in reference to the merits of plaintiffs' claim that the voters of city school district No. 13 were not registered, it is noted that the complaints contain no allegation that any of such voters did in fact vote in this election.

The motions to dismiss the portions of the complaints which depend upon the invalidity of the election are, therefore, granted.

We now turn to consider plaintiffs' claim that they were denied their right to equal protection under law, in violation of the State and Federal Constitutions, because subdivision 6 of section 1526 of the Education Law provides that only qualified voters of the area laid out to be consolidated with the city school district, may vote, and the section (subd. 4) provides that the consent of the city school district (dist. No. 9 herein) may be given by the board of education thereof. The defendants contend that the plaintiffs do not have legal capacity to sue upon this claim because they are not legally aggrieved by it.

The plaintiffs do not claim that *they* were denied the right to vote, but merely claim that the voters in city school district No. 9 were denied such right. For aught that appears the voters in the city district are satisfied with the provisions of the law which authorize their board of education to vote for them, and none has indicated to the court that he feels aggrieved. The law deals in realities in these matters and the plaintiffs may not raise philosophical objections when the persons for whom they purport to speak do not object. (*First Nat. Bank of Shreveport* v. *Louisiana Tax Comm.*, 289 U. S. 60, 65; *Matter of Guardian Life Ins. Co.* v. *Chapman,* 302 N. Y. 226, 238; *Bull* v. *Stichman,* 273 App. Div. 311, affd. 298 N. Y. 516.)

In the *Shreveport* case (*supra*), the court said: " plaintiffs are entitled to the relief against statutes alleged to be unconstitutional only if the statute as applied discriminates injuriously against them."

Moreover, the Constitution of this State has vested in the Legislature power to " provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated " (N. Y. Const., art. XI, § 1), and there is no constitutional right to vote in a school district. (See *Matter of Bethlehem Union Free School Dist.* v. *Wilson,* 303 N. Y. 107, 114; *Bullock* v. *Cooley,* 225 N. Y. 566, *supra; Matter of Board of Educ. of Cent. School Dist. No. 1, Town of Somers,* v. *Stoddard,* 49 N. Y. S. 2d 38, affd. 268 App. Div. 936, affd. 294 N. Y. 667, and *Union Free School Dist. No. 22* v. *Wilson,* 281 App. Div. 419, 423–424.)

Hence the motions to dismiss those portions of the complaints which are based upon the fact that the city school district No. 9 voters were not permitted to vote, are granted.

It remains to consider plaintiffs' contention that the applicable provisions of the Education Law are unconstitutional as constituting a delegation of legislative power to the Commissioner of Education without establishing suitable standards as guides for his actions in behalf of the Legislature.

The office of Commissioner of Education of the State of New York is provided for by the State Constitution (art. V, §§ 2, 4), in which latter section it is provided: '' The head of the department of education shall be The Regents of the University of the State of New York, who shall appoint and at pleasure remove a· commissioner of education to be the chief administrative officer of the department ''. By section 1 of article XI of the Constitution, as previously noted, the Legislature is charged with the duty of maintaining a system of free common schools. In conformity with the Constitution the Legislature enacted section 301 of the Education Law, which provides in part: '' The office of commissioner of education is hereby continued. Subject to the general direction and control of the regents of the university, he shall continue to have, exercise and perform the functions, powers and duties conferred or imposed by law upon the commissioner of education. He shall continue to exercise the judicial functions conferred by law upon the commissioner of education and, subject to rules of the regents, to make, execute and issue in the name of the department such determinations, decisions, orders, notices and certificates as may be required for the exercise and performance of the functions, powers and duties conferred or imposed upon the department.''

It is fundamental that the Legislature cannot broadly delegate its legislative functions to an officer. It is obvious, however, that the Legislature cannot, itself, administer the State free school system. As was said in a similar connection: '' To deny the power of Congress to delegate such a duty would, in effect, amount but to declaring that the plenary power vested in Congress to regulate foreign commerce could not be efficaciously exerted.'' (*Buttfield* v. *Stranahan,* 192 U. S. 470, 496.)

Thus it is recognized that the Legislature may, and generally must, delegate administrative functions. It is frequently difficult to distinguish between legislative and administrative acts. Even where great latitude is granted to the administrator, if the Legislature '' legislated on the subject as far as was reasonably practicable, and from the necessities of the case was compelled

to leave to executive officials the duty of bringing about the result pointed out by the statute ", his functions will be held to be administrative and lawful. (*Buttfield* v. *Stranahan, supra,* p. 496.)

In the case at bar, and particularly with respect to section 1526 of the Education Law, the Legislature did legislate as far as was reasonably practicable, and in connection with enlarging city school districts, it set up certain limitations and standards within which the Commissioner of Education should act, to wit: in areas contiguous to a city of less than 125,000 inhabitants; within ten days of entering an order laying out an enlarged district, he shall certify his proposal to the school districts involved; and no such areas laid out by the commissioner may be consolidated until a majority of the qualified voters thereof adopt a proposition to consolidate, and the board of education of the city school district consent.

Thus the statute complained of is constitutional (*Matter of Board of Educ. of Bethlehem Union Free School Dist.* v. *Wilson,* 303 N. Y. 107, 114–115, *supra; Gardner* v. *Ginther,* 232 App. Div. 296, affd. 257 N. Y. 578) and hence in this regard also the complaints are defective, in that they lack allegations sufficient to constitute a cause of action.

Although these are actions for declaratory judgment, and answers have not yet been interposed, they must be dismissed where it appears that they are insufficient in law. (*Manacher* v. *Central Coal Co.,* 284 App. Div. 380; *Manacher* v. *Central Coal Co.,* 125 N. Y. S. 2d 260, 262–263; cf. *Baker* v. *Baker,* 284 App. Div. 684.)

Hence the motions to dismiss the complaints are granted in their entirety.

Submit orders accordingly.

In the Matter of Dɪsᴛʀɪᴄᴛ Aᴛᴛᴏʀɴᴇʏ ᴏꜰ Sᴜꜰꜰᴏʟᴋ Cᴏᴜɴᴛʏ, Petitioner. Gʀᴇᴀᴛ Cᴏᴠᴇ Rᴇᴀʟᴛʏ Co., Iɴᴄ., et al., Respondents.

County Court, Suffolk County, January 17, 1955.