F. LOUIS JANOWSKY, Appellant, *v.* FREDERICK W. PARSONS, JR., et al., Individually and as Members of the Board of Education of the City School District of Corning, et al., Respondents.

ROBERT W. JOHNSON, Appellant, *v.* FREDERICK W. PARSONS, JR., et al., Individually and as Members of the Board of Education of the City School District of Corning, et al., Respondents.

Fourth Department, April 13, 1955.

*Jacob G. Welch* for appellants.

*W. Earle Costello* for respondents.

*Per Curiam.* We agree with the decision of Special Term that the complaints must be dismissed. We do not deem it necessary to comment further on the conclusion reached by Special Term that section 1526 of the Education Law violates no constitutional right of the appellants. Further citation of authorities is unnecessary to sustain the conclusion that section 1526 does not offend the Constitution either because the voters of City School District No. 9 of the City of Corning were not permitted to vote or because there was an unconstitutional delegation of legislative powers to the Commissioner of Education. There is no constitutional right to vote and section 1526 does not give the city school district the statutory right to do so. The delegation of the legislative power to the Commissioner of Education is not without limitations and standards set by the Legislature. (See *Matter of Board of Educ. of Bethlehem Union Free School Dist.* v. *Wilson,* 303 N. Y. 107, and *Gardner* v. *Ginther,* 232 App. Div. 296, affd. 257 N. Y. 578.)

We likewise agree that there was no illegality in the manner in which the area meeting was conducted. We do not deem it necessary for such conclusion, however, to determine whether District No. 13 of the City and Town of Corning was a city school district or not, nor to determine whether section 2037 of article 41 of the Education Law applies to a city school district. We are of the opinion that the meeting held pursuant to section 1526 of the Education Law is not in any way regulated by the provisions of article 41 relating to " district meetings " nor by the provisions of article 53 relating to elections in " city school districts." The provisions of section 1526 are *sui generis.* Section 1526 is

part of article 31 relating to the formation and alteration of school districts. The meeting called by the commissioner was "a special meeting of the qualified voters within each such area". (Education Law, § 1526, subd. 5.) It was not a meeting of a district, whether city school district or otherwise. The time and place for such special meeting was fixed by the commissioner and was called to order by a school official or a qualified voter of that area designated by the commissioner, all according to the provisions of section 1526 of the Education Law. Such section, in paragraph 6 thereof, provides: "Any person qualified to vote in any school district wholly or partly within the area laid out by the commissioner and who resides within such area shall be qualified to vote at such meeting." Section 2012 of article 41 states the qualifications of voters at district meetings. Section 2603 of article 53 states the qualifications of voters in a city school district in a city of less than 125,000 inhabitants. We need to look no further than the qualifications set forth in those sections to determine what persons were "qualified" to vote at the area meeting. The Legislature, in enacting section 1526 to create enlarged city school districts, made provision for all the steps to be taken, including a vote of the voters of the area as laid out by the commissioner and specifically providing for the qualifications of the persons who could vote at the area meeting. The area meeting, being neither a city school district meeting nor a district meeting, was not subject as to time, place or methods of voting to any provisions of the Education Law except as set forth in section 1526. Since all the provisions of that section were fully complied with, the meeting and the vote taken thereat were legal and valid.

The judgments should be affirmed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and VAN DUSER, JJ.

Judgments affirmed, without costs of this appeal to either party.