In the Matter of EDWARD V. CLARK et al., Individually and as Trustees of Roseton Common School District No. 5 of the Town of Newburgh, et al., Appellants, against JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.

Third Department, December 30, 1958.

*Charles H. Gaffney (John E. Egan* of counsel), for appellants.

*Charles A. Brind (John P. Jehu, Elizabeth M. Eastman* and *George B. Farrington* of counsel), for respondent.

GIBSON, J. Under the purported authority of section 1526 of the Education Law, the Acting Commissioner of Education laid out the area constituted by three union free school districts and seven common school districts in Orange County for consolidation with the city school district of the City of Newburgh in that county. One of the districts to be thus consolidated is Roseton Common School District No. 5 of the Town of New-

burgh. The petitioners include the trustees of that district as well as certain taxpayers and qualified voters therein. They resist the consolidation on the ground that the Roseton district is not " contiguous " to the city school district within the meaning of the authorizing statute.

The pertinent statutory provisions are as follows: " 1. The commissioner of education is hereby authorized and empowered to create enlarged city school districts by consolidation of city school districts of cities of less than one hundred twenty-five thousand inhabitants with such area or areas contiguous to such city school districts as, in his discretion, are suitable for the establishment of enlarged city school systems, and to fix, determine and define the boundaries of such enlarged districts as provided in this section." (Education Law, § 1526, subd. 1.) The Roseton district is not, in fact, contiguous to the city district, being separated therefrom by the territory comprising the Balmville district which is also included in the proposed consolidation. The districts enumerated in the commissioner's order do, however, and as the order recites, " form a contiguous area ". The area thus defined surrounds and adjoins the city district on three sides. Noting that the 10 districts " form an uninterrupted area, which area in totality is contiguous to the City of Newburgh district ", the Special Term held that the consolidation complied with the statute. (12 Misc 2d 988, 990.) The determination seems to us correct.

Petitioners would construe the statute as equating the term " area or areas " to " district or districts " and thus as requiring that each district be contiguous to the city district. We find nothing in the plain language of the statute to warrant that interpretation. Indeed, there are, in the subdivisions following that quoted, clear indications of a contrary intent. Thus, there is reference to inclusion of part of a district in " such an area " (subd. 2); to " each school district wholly or partly included in such area or areas " (subd. 3); to the division of " the area " into a school election district or districts coterminous " with one or more school districts, or parts or combinations thereof " (subd. 6); to " each school district wholly or partly within such area " (subd. 7); and to " any school district wholly or partly within the area laid out " (subd. 9).

We do not find significant, as bearing upon the construction urged by petitioners, the reference in subdivision 1 to " area or *areas* ". (Italics supplied.) Geographical situations may clearly exist whereby two or more areas, each consisting of two or more districts or parts of districts, may each be contiguous to the city district but not to each other.

146

When section 1526 (then 1533) was enacted (L. 1952, ch. 810, § 1), statutory provision already existed for consolidation of a district with a contiguous city school district pursuant to procedure initiated by vote of the former. (Education Law, § 1524 [formerly § 1531], added L. 1950, ch. 762, § 28.) A 1951 amendment provided " that where several school districts are contiguous to each other and at least one of such school districts is contiguous to such city school district, such vote may be taken in each of such school districts at the same time, and if the proposition to consolidate is adopted by a majority vote in each such district, and upon the consent of the city school district board of education, the commissioner of education may include each such district in one order of consolidation ". (L. 1951, ch. 801, § 5.) In the light of the 1950 and 1951 enactments, there seems no basis for argument that the 1952 act contemplated contiguity of each individual district to be consolidated pursuant to the simpler procedure of a single order and a single vote within the area.

Our conclusion is consistent with the determination of the Appellate Division in the Fourth Department in *Janowsky* v. *Parsons* (285 App. Div. 601). There it was held (p. 604) that the " special meeting of the qualified voters within each such area ", prescribed by subdivision 5 of section 1526, " was not a meeting of a district " and, " being neither a city school district meeting nor a district meeting, was not subject * * * to any provisions of the Education Law except as set forth in section 1526 ".

The Special Term properly held, contrary to petitioner's second ground of contention, that no triable issue of fact had been raised by the pleadings and accompanying papers. (Civ. Prac. Act, § 1295.) Petitioners assert that there remains the issue whether the area in question is " suitable for the establishment of [an] enlarged city school system[s] ". (Education Law, § 1526, subd. 1.) Neither the conclusory allegations of the petition nor such factual averments as do appear were sufficient to create an issue. On the other hand, the factual data contained in the answer and supporting papers adequately supported the administrative determination of suitability and petitioners interposed no reply. (Civ. Prac. Act, § 1292.) The court's summary determination upon the papers was therefore proper. (*Matter of O'Brien* v. *Commissioner of Educ.*, 3 A D 2d 321, motion for leave to appeal denied 5 N Y 2d 707.)

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.