Jacob J. Schwartzwald, J.
Motion by defendant for an order pursuant to rules 102 and 103 of the Rules of Civil Practice and sections 241 and 255 of the Civil Practice Act seeking dismissal of the amended complaint on the ground inter alia, that the complaint does not constitute a plain, concise statement of facts, etc.; or, in the alternative (a) pursuant to rule 102 of the Rules of Civil Practice, for an order directing plaintiff to serve a second amended complaint in accordance with the requirements set forth in the notice of motion, or, in the alternative (b) pursuant to rule 90 of the Rules of Civil Practice, for an order directing plaintiff to serve a second amended complaint separately stating and numbering the purported causes of action.
The court observes that the first cause of action alleges that plaintiff entered into a written lease with defendant wherein its one family, completely furnished dwelling situated on three and one-half acres, including divers personal property, was rented to defendant; that upon the expiration of such term defendant sought and obtained a short extension of the lease in writing; that defendant breached the covenants of said agree *476 ment. The second cause of action alleges that defendant’ inter alia misused and damaged the property and its furnishings. The third cause of action alleges that defendant broke into the linen storage room reserved to plaintiff and removed and converted the contents therefrom in breach of the agreement of the parties hereto.
The court finds the allegations of the amended complaint to be sufficient. Meticulous particularity in pleading the facts which must be shown by way of evidence to establish a cause of action is neither necessary nor proper (Morgenstern v. Cohon, 2 N Y 2d 302). The remedy of defendant, aggrieved by lack of definiteness or precision in the complaint, is to move, not for dismissal on the ground of insufficiency but for a bill of particulars (Katz v. Grand Union Go., 4 Mise 2d 288). The mere fact that the allegations are irrelevant, or redundant, is insufficient reason for striking same. It must appear from the face of the complaint that if allowed to remain they will harm the moving party (Wayte v. Bowker Ghem. Go., 196 App. Div. 665; Muller v. McCormick, 272 App. Div. 1027), and in this regard movant failed to convince the court. Pleadings under attack should be accorded every fair and reasonable intendment. The Appellate Division of this department has held that although under strict rules of pleading, commingled causes of action could be separately stated and numbered, yet such relief will be denied in view of the magnitude of the task of amending the complaint as compared with any advantages thereof when the complaint may be answered with facility (Orr v. Weissberger, 1A D 2d 844).
The court is of the opinion that the allegations attacked are sufficiently definite and certain to apprise defendant of their meaning and application.
Accordingly, the motion in its entirety is denied.
Settle order on notice.