HENRY F. MARASSE et al., Plaintiffs, *v.* ALFRED D. BUCHMUELLER et al., Defendants.

Supreme Court, Westchester County, June 7, 1962.

*Raphael, Searles & Vischi* for plaintiffs. *William D. Sporborg, Jr.,* for defendants. *Rosenblum & Hein* for Herbert Mark, defendant.

HUGH S. COYLE, J. This is an action for a declaratory judgment brought by certain taxpayers of Union Free School District No. 7 of the Town of Greenburgh against the Board of Educa-

tion of that district and the District Superintendent of the Second Supervisory District of Westchester County.

The action arises solely from the adoption by the voters of that school district of two separate propositions submitted to them at the annual meeting and election of said district held on May 1 and 2, 1962.

Proposition No. 1, which was adopted by a vote of 642 in favor, to 491 opposed, provided for the designation of the White Plains School District as a receiving district for pupils in grades 10, 11 and 12, and also designated the Union Free School District No. 8, Town of Greenburgh, as a receiving district for pupils in grade 10, and that grades 8 and 9 be retained in the defendants' school district.

Proposition No. 2, which was also adopted by a vote of 649 in favor, and 547 opposed, authorized and directed the defendant board to enter into a five-year contract for the education of all Hartsdale pupils in grades 8–12, and designated the White Plains School District as the receiving district for such pupils.

Plaintiffs aver that because Proposition No. 2 received 7 more affirmative votes than Proposition No. 1, Proposition No. 2 should be adopted. Defendants, on the other hand, point out that the plurality of the vote in favor of Proposition No. 1 was 151 as against a plurality of only 102 in favor of Proposition No. 2.

In connection with this action, plaintiffs have moved this court by order to show cause for the following relief:

(a) Enjoining defendants, pending the trial of this action, from taking any action which directly or indirectly would nullify the effectiveness of the White Plains 8 to 12 contract plan which received the larger number of affirmative votes at the school district annual meeting and election held on May 1 and 2, 1962;

(b) Enjoining defendants, pending the trial of this action, from taking any action in support of the proposition which received the lesser number of affirmative votes;

(c) Enjoining defendants, pending the trial of this action, from taking any action which directly or indirectly would interfere with or prejudice the rights of the plaintiffs with respect to the implementation of the White Plains 8 to 12 contract proposition vote at the annual school district election;

(d) Enjoining and restraining defendants, pending the trial of this action, from disbursing or otherwise committing the payment of Hartsdale School District funds to any other school district pending clarification of the rights of the parties herein, and the proper determination of the authorization given to defendants by the voters at the annual school district meeting.

Defendants have moved this court by cross motion for an order pursuant to rule 106 of the Rules of Civil Practice, dismissing the complaint hereon upon the ground that it appears upon the face thereof that the court does not have jurisdiction of the subject of this action, and upon the further ground that the complaint fails to state facts sufficient to constitute a cause of action.

Consideration should first be given to the question of jurisdiction since it would appear that if the defendants are correct upon this theory, no worthwhile purpose would be served by a consideration of the merits of the action or the plaintiffs' motion.

Section 2045 of the Education Law dealing with the designation by school districts of other school districts for the education of its children provided, in part, as follows: " Such designation may be reviewed upon appeal to the commissioner of education in the event the parents or guardians of such pupils deem themselves aggrieved thereby."

Section 310 of the Education Law provides:

" Any person conceiving himself aggrieved may appeal or petition to the commissioner of education * * * and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence of any action:

" 1. By any school district meeting.

* * *

" 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter or any other act pertaining to common schools."

In addition and/or perhaps of more importance is section 2037 of the Education Law, which provides as follows: " All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review. The commissioner may in his discretion order a new meeting or election."

Plaintiffs, on the question of disputed jurisdiction, among other things, contend that section 2045 of the Education Law does not confer exclusive jurisdiction on the Commissioner and that jurisdiction is " permissive " and not " mandatory " and take the same position with respect to section 310 of the Education Law. Although plaintiffs concede that section 2037 is

"mandatory" it is their contention that it does not apply to the instant case.

In support of the cross motion defendants have pointed out that while it has been held that the courts have concurrent jurisdiction with the Commissioner of Education in actions involving the interpretation of a statute or with the levying of taxes, it has been uniformly held that in actions that do not involve the interpretation of a statute or the levying of taxes, but involve solely matters of a school district meeting or election, section 2037 of the Education Law means exactly what it says and that the jurisdiction of the Commissioner of Education in such matters is exclusive. (*Finley* v. *Spaulding,* 274 App. Div. 522; *Matter of Pacos* v. *Hunter,* 29 Misc 2d 404, affd. 14 A D 2d 990; *Markert* v. *Wilson,* 284 App. Div. 1086; *Johnson* v. *Parsons,* 207 Misc. 107, affd. 285 App. Div. 601.)

Here we are faced with two propositions, both voted upon, approved and adopted simultaneously at a regular meeting of the school district. The real problem presented is whether or not a reasonable field of operation can be found for two apparently conflicting propositions which were enacted. It is the contention of the defendant board that had it not been restrained by the temporary restraining order contained in the order to show cause herein, it intended to and would have formally adopted a resolution implementing both of the propositions adopted at the annual meeting. It is apparent that it was this avowed intention upon the part of the board which prompted plaintiffs to commence this action. The board's position is not without merit, although such should in no wise be construed as tending to reflect the opinion of this court in approval thereof. However, it would be from such affirmative move upon the part of the board that plaintiffs would have had the way paved for them to proceed to appeal or petition to the Commissioner of Education, had they been so advised. Much has been made of the fact that in a letter dated May 14, 1962, from the State Education Department (Division of Law), addressed to plaintiff Marasse, it is stated, in part, as follows: "It is further my understanding that your Board of Education has not as yet taken any action on this matter and, consequently, any procedure looking toward review of such action would be premature."

On the question presented under rule 106 of the Rules of Civil Practice, namely, that the complaint fails to state facts sufficient to constitute a cause of action, where it appears that another remedy is available either at law or by appeal to an administrative officer, an action for a declaratory judgment will be dismissed (*James* v. *Alderton Dock Yards,* 256 N. Y. 298); this

rule has been applied not only where a party had the right to appeal to an administrative officer in general, but specifically where he had the right to appeal to the Commissioner of Education (*Johnson* v. *Parsons,* 207 Misc. 107, affd. 285 App. Div. 601, *supra*) and such objection to the complaint if not taken by motion to dismiss might be waived. (*Thompson-Starrett Co.* v. *City of New York,* 5 Misc 2d 576.)

In addition, there is nothing stated in the complaint which would indicate facts sufficient to constitute a cause of action against the District Superintendent of the Second Supervisory District. Plaintiffs complain of the advice given to the defendant Board of Education by the District Superintendent in his letter annexed to the moving papers. In giving such advice he was only performing his statutory duty (Education Law, § 2215, subd. 2). In the event the letter is to be considered as more than the mere giving of advice by the District Superintendent and as a binding official action taken by him, the plaintiffs' remedy is by appeal to the Commissioner of Education (Education Law, § 2217).

In the light of the authorities herein cited this court is of the opinion that plaintiffs have the right to appeal to the Commissioner of Education, not only in regard to the action of the District Superintendent, if they are so advised, but with respect to any action which might be taken by the defendant board in connection with the administration of either one or both of the propositions in question, and thus have an adequate remedy at law. In addition, the court finds and is of the opinion that it does not have jurisdiction of the subject matter of this action. Accordingly, the complaint is dismissed, the stay contained in the plaintiffs' order to show cause vacated and plaintiffs' motion is in all respects denied.