◾ EGON HOFBAUER, Appellant-Respondent, v. JACK LISS, Respondent, and KORLIS, LTD., Respondent-Appellant, et al., Defendant.— In an action for a declaratory judgment with respect to the rights arising out of a written contract, and for injunctive and other relief, stated as a single cause of action, the plaintiff and the corporate defendant Korlis, Ltd., cross-appeal as follows from an order of the Supreme Court, Queens County, dated October 19, 1961 which disposed of various practice motions made by the said corporate defendant and by the individual defendant Liss, addressed to the amended complaint, pursuant to the Rules of Civil Practice: (1) Plaintiff appeals from so much of said order: (a) as granted the defendant Liss' motion to dismiss the complaint as against him for legal insufficiency (rule 106, subd. 4); (b) as granted said corporate defendant's motion to strike out as sham paragraphs eleventh, twelfth and thirteenth of the complaint (rule 103), and to compel plaintiff to separately state and number his causes of action (rule 90); (c) as, by its seventh decretal paragraph, granted leave to plaintiff to replead as against defendant Liss but restricted such leave to the assertion of a cause or causes of action " other than the one " which had been dismissed against said defendant Liss; and as granted leave to plaintiff to replead as against said corporate defendant or as against both said defendants, but restricted such leave to the pleading of

"herein authorized" causes only; and (d) as, by its eighth decretal paragraph, provided that should plaintiff elect not to so replead, the defendant Liss "shall have judgment severing the action and dismissing the amended complaint as against him"; and as, in such event, permitted said corporate defendant to limit its answer to "the remaining allegations of the complaint herein." (2) The said corporate defendant, Korlis, Ltd., appeals from so much of said order: (a) as denied its motions to dismiss the complaint as against it for legal insufficiency (rule 106, subd. 4); to make such pleading more definite and certain (rule 102); and to strike out as sham paragraphs eighth, ninth and tenth thereof (rule 103); and (b) "as upholds the right of the plaintiff to maintain an action for a declaratory judgment." Order, insofar as appealed from modified on the law as follows: (a) by amending its fifth decretal paragraph, which granted the motion of the said corporate defendant to strike out as sham paragraphs eleventh, twelfth and thirteenth of the amended complaint, so as to strike out said paragraph thirteenth, not as sham, but on the ground that it does not contain a plain and concise statement of the material facts upon which plaintiff relies; (b) by deleting its sixth decretal paragraph, which granted said corporate defendant's motion to compel the separate statement and numbering of plaintiff's causes of action, and by substituting therefor a provision denying said motion in all respects; and (c) by striking out its seventh and eighth decretal paragraphs, and by substituting therefor a provision granting plaintiff leave, if so advised: (1) to replead a cause or causes of action against defendant Liss other than a cause of action for a declaration of plaintiff's contractual rights against said defendant; and (2) to replead as against said corporate defendant the allegations with respect to it now contained in paragraph thirteenth of the complaint, without the necessity of separately stating and numbering the same as an additional cause of action against it. As so modified, order, insofar as appealed from, affirmed, without costs, with leave to plaintiff to serve a second amended complaint within 20 days after entry of the order hereon. In our opinion, the present amended complaint does not set forth a sufficient cause of action to declare plaintiff's contractual rights against defendant Liss. The said Liss signed the contract not in his individual capacity but as president of said corporate defendant, a disclosed principal (*Salzman Sign Co.* v. *Beck,* 10 N Y 2d 63). Hence, as to such individual defendant, the Special Term properly dismissed the complaint for legal insufficiency insofar as it sought declaratory relief (cf. *Ridge* v. *Felt,* 267 App. Div. 777; *Janowsky* v. *Parsons,* 207 Misc. 107, affd. 285 App. Div. 601). If so advised, however, plaintiff may replead the allegations now contained in paragraph thirteenth of the amended complaint so as to set forth against defendant Liss a separate cause of action for injunctive relief which will satisfy the requirements of section 241 of the Civil Practice Act (cf. *Chesny* v. *Chesny,* 277 App. Div. 879; *Tankoos* v. *Conford Realty Co.,* 248 App. Div. 614). We are also of the opinion that the present complaint sets forth a sufficient cause of action for declaratory relief as against said corporate defendant, Korlis, Ltd. On a motion pursuant to rule 106 of the Rules of Civil Practice, to dismiss a complaint for declaratory relief, the test of the sufficiency of the complaint "'is not whether the complaint shows the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. If the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated'" (*Baldwin* v. *City of Buffalo,* 7 A D 2d 386, 387). Plaintiff may also replead, in accordance with the statutory requisites (Civ. Prac. Act, § 241), the allegations now contained in paragraph thirteenth of the present complaint against said corporate defendant. It is not necessary, however, that

these allegations be set forth as a separate cause of action. A cause of action for a declaratory judgment "may properly embrace, in a single cause of action, claims for 'further or consequential relief'" (Rules Civ. Prac., rule 211) which otherwise would be regarded as separate causes of action, including claims for injunctive relief" (*Chesny* v. *Chesny, supra*). We also find that the Special Term properly denied the corporate defendant's motion: (a) to strike out as sham paragraphs eighth, ninth and tenth of the complaint (cf. *Rosenthal-Block China Corp.* v. *Johann Haviland China Corp.*, 12 A D 2d 915; *Northridge Coop.* v. *32nd Ave. Constr. Corp.*, 10 A D 2d 244, affd. 9 N Y 2d 818); and (b) to make the pleading more definite and certain (cf. *Boro Park Hosp. Bldg.* v. *Hartnett*, 17 Misc 2d 475). The Special Term also properly granted said corporate defendant's motion to strike out as sham paragraphs eleventh and twelfth of the amended complaint (*Murphy* v. *National City Bank*, 203 App. Div. 571). While the foregoing recognizes the right of the plaintiff to plead as against said corporate defendant all his claims in a single cause of action, it does not obviate the necessity for the plaintiff to plead a separate cause of action for injunctive relief as against the defendant Liss, if plaintiff should replead against him and seek such relief. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur. [31 Misc 2d 538.]