In the Matter of MICHAEL SZKOLNIK et al., as Trustees of Common School District No. 8 of the Towns of Seneca, Geneva and Phelps and the City of Geneva, Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.— Appeal from an order of the Supreme Court at Special Term, which dismissed for insufficiency the petition in a proceeding brought under article 78 of the Civil Practice Act by petitioners as trustees of a common school district, to review a determination of the respondent Commissioner of Education dismissing, for failure of jurisdiction, petitioners' purported appeal from the action of a meeting at which a proposition to consolidate with a contiguous city school district (Education Law, § 1526) was purportedly adopted by the voters within the area laid out as susceptible of consolidation with the city district. In this instance it so happened that the voting area was coterminous with the common school district itself. The record does not indicate whether or not it had been formally designated a "school election district" for purposes of this meeting. (See Education Law, § 1526, subd. 6.) The Commissioner's determination followed a prior appeal to this court, upon which we held that the preliminary question of jurisdiction was a justiciable one which had to be decided by the Commissioner. (19 A D 2d 764.) The jurisdictional defect found by the Commissioner was petitioners' failure to serve the appeal papers upon the Board of Education of the enlarged city school district, since, in the Commissioner's view, that board had become, by virtue of the consolidation, "the sole statutory agent for said former common school district" and was, therefore, the necessary respondent to an appeal under rule 2 of the Commissioner's rules of practice (see Education Law, §§ 310, 311) providing, in the case of an appeal "from the decision or proceeding of a district meeting", for service of the appeal papers "upon the trustee or one of the trustees, whose duty it is to cause information of such appeal to be given to the inhabitants who voted for the decision." (8 NYCRR 276.4 [a].) While this voting "area" or "school election district", if such it was, did not constitute a "school district" within

the technical requirements of section 1526 (*Matter of Clark* v. *Allen*, 7 A D 2d 144, mot. for lv. to app. den. 6 N Y 2d 707; see *Janowsky* v. *Parsons*, 285 App. Div. 601), section 1526 in no way relates to appeals and we cannot say that the Commissioner was arbitrary in finding the term " district meeting " in the context of rule 2 sufficiently broad to encompass a meeting or election within this school district, which is actually coterminous with the voting area. The term, as thus applied to appeal procedures, had the highly desirable result of constituting the appeal an adversary proceeding. In any event, we are unable to say that in this case the Commissioner's construction of his own rule was upon no rational basis. (See *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108.) Petitioners argue that the city board of education would have had no right to appeal from a vote in the outside area against consolidation and that this test negates its claimed right to respond to an appeal; but such is not a legitimate test in this case, as the board's right derives from its new and changed status, *following* consolidation, as the sole governing and representative authority of the newly created district and of its components, including the former common school district; the new district having been, prima facie, properly created. Petitioners' principal contention, however, rests upon a letter directed to one of the petitioners by the Commissioner, stating: " No doubt you know by now that the appeal made by your Board of Trustees is now in proper order and before me for consideration. The Department did· not refuse to consider the appeal; it simply asked that it be put in the form prescribed for such appeals." Petitioners assert denial of due process in the Commissioner's supposed failure to announce any change of position prior to his formal determination and dismissal some 10 months thereafter, too late for a new appeal to be perfected. The Commissioner asserts that his letter was written under the mistaken impression that service upon the Board of Education had been made; and it appears without contradiction that at about the same time, and on subsequent occasions as well, petitioners were advised by the Commissioner's counsel that service would have to be made upon the Board of Education, in order to perfect the appeal. Petitioners chose, however, to rely on the Commissioner's letter and to dispute his counsel's authoriity to speak for him. In such circumstances we find no deprivation of due process or other ground for reversal. *Order affirmed, without costs.* Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.