Charles Lambiase, J.
Petitioners, pursuant to an article 78 proceeding, move to require respondents to show cause “ why an order should not be made and entered annulling and setting aside the resolutions authorizing the issuance of bonds, dated November 7, 1966, and December 14, 1966, and annulling and setting aside the Board of Registration of the Respondent School District, and the registration lists and all other papers and records pertaining to personal registration, and such other and further relief as to the Court may seem just and proper.”
Petitioners base their objections to the school bond resolution on several alleged defects and irregularities in procedure including improper registration procedures, improper notice, and improper supervision of the polls. Respondents deny these allegations and further plead that this court is without jurisdiction to entertain this proceeding because section 2037 of the Education Law grants to the Commissioner of Education, hereinafter referred to as the Commissioner, exclusive jurisdiction in such cases.
Consideration should first be given to the question of jurisdiction of the court since should it appear that respondents are correct in their position, it would be a futile act on the part of the court to consider the merits of petitioners’ proceeding.
The gravamen of petitioners’ allegations is that they should have their relief because the results of the referendum on the issuance of the bonds “ are invalid on the grounds that the respondents required personal registration of qualified voters as a prerequisite to voting and that the respondents had no authority to require personal registration for the reason that the respondents had previously adopted a system of personal registration and then revoked it and that the respondents could not thereafter adopt personal registration without a valid vote of the people and that no such valid vote was had. ’ ’
Section 2037 of the Education Law provides: “ All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination ”, (Emphasis supplied.) This section has been the subject of much litigation. The weight of authority, however, establishes that this section gives to the Commissioner the exclusive jurisdiction to determine such questions as come within the purview of said section. We cite but a few of such authorities. (Marasse v. Buchmueller, 35 Misc 2d 643; Matter of Pacos v. Hunter, 29 Misc 2d 404, affd. 14 A D 2d 990, app. dsmd. 11 N Y 2d 1112; Finley v. Spaulding, 274 App. Div. 522; Turco v. Union Free School Dist. No. 4, 43 Misc 2d 367, affd. 22 A D 2d 1018; Guariglia *802 v. De Furio, 34 Misc 2d 200, affd. 17 A D 2d 905.) We point out that in Turco v. Union Free School Dist. No. 4 (supra, p. 367) the court states as follows: “I deem the court to have been deprived of jurisdiction to consider such matters as the sufficiency of notice of the meeting, the supervision of the polls, the certification of the result of the voting, etc. by section 2037 of the Education Law ”.
All of petitioners’ arguments are based upon the alleged invalidity of the district meeting which readopted permanent personal registration. The statute speaks of all disputes concerning the validity of any district meeting or election. An analysis of the papers before us indicates that this proceeding is within the purview of the statute.
Petitioners maintain that the registration procedure adopted in 1964 is illegal and asks that the Board of Registration be annulled and set aside. This claim is based on the alleged fact that the Board of Education originally instituted personal registration in 1962 and later discontinued it. They claim further that the reinstituting of personal registration was improper and illegal since it was not accomplished by means of an election. We note that subdivision 3 of section 2014 of the Education Law provides that once a system of personal registration is adopted and thereafter discontinued, it cannot be reinstituted unless authorized by the voters at a district meeting or election. Exhibit 1 attached to respondents’ answer to the petition indicates that the registration procedure was again put into effect as the result of action taken at an annual district meeting. Since the action was authorized at a district meeting, the review sought by this proceeding questions the validity of a district meeting and action taken thereat. Under said section 2037 of the Education Law the Commissioner of Education has exclusive jurisdiction to determine said questions.
We conclude, therefore, that this court is without jurisdiction to review the validity of the reinstatement of personal registration, the appointment of the Board of Registration in connection therewith, and the validity of the election adopting the resolution for the bond issue. In the light of the foregoing petitioners’ recourse is to the Commissioner of Education of the State of New York, and we do not pass upon the merits of petitioners’ proceeding.
Accordingly, the petition therefore must be and hereby is dismissed.